[Crim. No. 1162. First Appellate District, Division One.—June 3, 1924.]

Ex parte CHARLES PRENOSIL, Alias, on Habeas Corpus.

[1] CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF FIREARMS. On this proceeding in *habeas corpus,* the writ was discharged and the petitioner remanded, on the authority of *In re Rameriz,* 193 Cal. 633.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody on a charge of violating the state firearms law. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Albert Picard for Petitioner.

Matthew Brady, District Attorney, and Leo R. Friedman, Deputy District Attorney, for Respondent.

TYLER, P. J.—The petitioner was prosecuted for the violation of the provisions of chapter 339, Statutes of 1923, which is an act to control and regulate the possession, sale and use of pistols, revolvers and other firearms capable of being concealed upon the person. He was held to answer by one of the judges of the police court of the city and county of San Francisco upon this charge. Thereafter an information was filed by the district attorney under which petitioner was accused of the crime of felony, to wit, violation of section 2 of said act, and he claims that he is unlawfully and illegally imprisoned for the reason that the act is unconstitutional and void, as it makes the possession of

1. See 8 R. C. L. 287.

a firearm on the part of an alien a felony, while an infraction of the law by a citizen is only made a misdemeanor by the express terms of the act.

[1] This precise question has been passed upon by our supreme court in the *Matter of the Application of Rameriz,* 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914]. Under the authority of that case the writ herein is discharged and the petitioner remanded.

Knight, J., and St. Sure, J., concurred.