[Crim. No. 1165.  First Appellate District, Division One.—October 6, 1924.]

## THE PEOPLE, Appellant, v. L. BERTOLANI, Respondent.

[1] CRIMINAL LAW—CARRYING CONCEALED WEAPON—CONSTITUTIONAL LAW—ALIENS—PLEADING.—Chapter 339 of the Statutes of 1923 (Stats. 1923, p. 696), relating to the carrying of weapons concealed upon the person, is not unconstitutional or void; and an information charging that the accused, on or about a specified date, at and in the county where the information is filed, "and prior to the filing of this information, being then and there an unnaturalized foreign-born person, did willfully, unlawfully and feloniously then and there have in his possession, under his control, a certain firearm, to wit, a pistol, capable of being concealed upon the person," sufficiently charges a violation of the provisions of section 2 of said statute.

(1) 2 **C. J.**, p. 1046, sec. 8; 12 **C. J.**, p. 1142, sec. 875 (Anno.); 40 Cyc., p. 854 (Anno.), p. 869 (Anno.).

APPEAL from an order sustaining a demurrer to an information charging possession by an alien of a firearm capable of being concealed upon the person. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Appellant.

1. Validity of statutes against carrying concealed weapons, note, 25 **Am. Rep.** 561. See, also, 8 **R. C. L.** 287.

Gearhart, Carling & Cummings for Respondent.

TYLER, P. J.—This is an appeal by the plaintiff, the People of the State of California, from an order sustaining a demurrer to an information filed against defendant by the district attorney of Fresno County, charging him with the crime of felony, to wit, possession by an alien of a firearm capable of being concealed upon the person.

The charging part of the information reads as follows: "The said L. Bertolani on or about the 22d day of September, 1923, at and in the said county of Fresno and state of California, and prior to the filing of this information, being then and there an unnaturalized foreign-born person, did willfully, unlawfully and feloniously then and there have in his possession, under his control, a certain fire-arm, to-wit, a pistol, capable of being concealed upon the person." This information was premised and drawn under and in accordance with the provisions of section 2 of chapter 339 of the Statutes of 1923, approved June 13, 1923, and which went into effect on the seventeenth day of August, 1923. Section 2 of said act reads as follows: "On and after the date upon which this act takes effect, no unnaturalized foreign-born person and no person who has been convicted of a felony against the person or property of another, or against the government of the United States or of the state of California or of any political subdivision thereof, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The terms 'pistol,' 'revolver' and 'firearm capable of being concealed upon the person,' as used in said act, shall be construed to apply to and include all firearms having a barrel less than 12 inches in length. Any person who shall violate the provisions of this section shall be guilty of a felony, and upon conviction shall be punished by imprisonment in a state prison for not less than one year nor more than five years." (Stats. 1923, p. 696.)

To the information a demurrer was interposed upon the ground that it did not state facts sufficient to constitute a public offense. As above indicated, the demurrer was sustained without leave to amend, and plaintiff appeals.

[1] Respondent's contention was and is predicated upon the claim that the act upon which the information is based is unconstitutional and void for the reason that it discriminates between a citizen and an alien.

This precise question was presented and passed upon by our supreme court and the constitutionality of the act upheld (*In re Rameriz*, 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914]). See, also, *Ex parte Prenosil*, 67 Cal. App. 800 [227 Pac. 1117]. Every fact necessary to constitute the offense defined by the act in question is charged in the information. It therefore sufficiently charges a public offense.

The order of the court sustaining the demurrer is reversed.

Knight, J., and St. Sure, J., concurred.