[Crim. No. 962. Third Appellate District.—April 18, 1927.]

THE PEOPLE, Respondent, v. G. D. JOHNSON, Appellant.

[1] CRIMINAL LAW—ABORTION—PRACTICING MEDICINE WITHOUT LICENSE —FORMER ACQUITTAL—ONCE IN JEOPARDY—DISMISSAL—PLEAS— EVIDENCE.—Even if a motion to dismiss a criminal prosecution for practicing medicine without a license, made upon the ground that the defendant had been acquitted of the crime of abortion, be treated as a plea of a former acquittal or that the defendant had been once in jeopardy, the jury could not pass upon the issue raised thereby without evidence to support the plea.

[2] ID.—PRACTICING MEDICINE WITHOUT LICENSE—ABORTION—UNRE- LATED OFFENSES.—The offense of practicing medicine without a license is not included in a charge of the crime of abortion, but the two offenses are unrelated to each other.

[3] ID.—CRIMES—EVIDENCE—FORMER ACQUITTAL—ONCE IN JEOPARDY. Where a defendant was acquitted of the crime of abortion and then tried for the crime of practicing medicine without a license, the fact that the evidence may have been the same in both cases and that the proof in the former case may have been sufficient to warrant a conviction in the latter does not necessarily establish the claim that the defendant had been once in jeopardy or had been acquitted of the second charge.

[4] ID.—WHEN CHARGE IS BARRED—TEST.—An acquittal or a conviction upon one charge is not a bar to a conviction upon another,

----

3. See 8 R. C. L. 151.

4. Tests of identity of offenses, note, 92 Am. St. Rep. 105. See, also, 7 Cal. Jur. 956, 957; Cal. Jur. 1926 Supp., p. 539, § 97; 8 R. C. L. 148, 149.

if the evidence *required* to support the former is not sufficient to warrant a conviction upon the latter without proof of any additional fact; and the true test is: Could the defendant have been convicted upon the first indictment upon proof of the facts, not as brought forward in the evidence, but as alleged in the record of the second.

[5] ID. — PRACTICING MEDICINE WITHOUT LICENSE — ABORTION. — The alleged fact that the defendant committed the offense of practicing medicine without a license does not even tend to show that he committed the crime of abortion.

---

(1) 16 C. J., p. 425, n. 17.   (2) 16 C. J., p. 264, n. 35.   (3) 16 C. J., p. 266, n. 53.   (4) 16 C. J., p. 266, n. 50.   (5) 16 C. J., p. 266, n. 49.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. C. W. Miller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Eicke & Warren for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the offense of practicing medicine without a license. This appeal is from the judgment of conviction and the order denying his motion for a new trial.

But one ground is urged for a reversal. It is stated by counsel for appellant as follows: "Two indictments were found against appellant by the same grand jury, upon the same date, based upon the testimony of the same witnesses, and upon identically the same facts and circumstances. In other words, the prosecution carved out of the same facts, acts and circumstances two offenses. The first charge being that of abortion, and the second, practicing medicine without a license. The appellant was tried upon the charge of abortion and acquitted and was thereby placed once in jeopardy of the charge of practicing medicine without a license, said charge being based upon the same alleged facts, acts and circumstances."

The defendant did not plead a former acquittal or that he had been once in jeopardy. After the jury had been selected and after the first witness for the prosecution had been sworn, counsel for defendant requested the court to excuse the jury temporarily in order that he might present a motion during their absence. Upon the retirement of the jury, and during their absence, counsel for defendant moved the court "for a dismissal of this action against the defendant on the ground he has been once in jeopardy, and in that matter we ask leave to present the indictment in the former trial of *The People* v. *Johnson,* number 4325, wherein the defendant herein was charged with the crime of abortion." Counsel thereupon introduced in evidence the record in the case referred to, including the evidence taken at the trial thereof. The court denied the motion. Thereupon the jury returned into court and the trial of this case proceeded. The record of the trial in case number 4325 was not introduced in evidence at any time during the trial before the jury herein. [1] Even if the motion to dismiss be treated as a plea of a former acquittal or that the defendant had been once in jeopardy, it is clear that the jury could not pass upon the issue raised thereby without evidence to support the plea. [2] It is also perfectly clear that the offense of practicing medicine without a license is not included in a charge of the crime of abortion, but the two offenses are unrelated to each other. Appellant relies on section 654 of the Penal Code, which provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one." Appellant has confused the criminal act referred to in the section cited with the evidentiary facts tending to prove such act. [3] The fact that the evidence may have been the same in both cases and that the proof in the former case may have been sufficient to warrant a conviction in the latter does not necessarily establish the claim that the defendant had been once in jeopardy or had been acquitted of the second charge. [4] An acquittal or a conviction upon one charge is not a bar to a conviction upon another, if the evidence *required* to support the former is not sufficient to warrant a conviction upon the latter without proof of any additional fact. (*Ebeling* v. *Morgan,* 237 U. S.

625 [59 L. Ed. 1151, 35 Sup. Ct. Rep. 710, see, also, Rose's U. S. Notes].) "The true test is: . . . Could the defendant have been convicted upon the first indictment upon proof of the facts, not as brought forward in evidence, but as alleged in the record of the second." (*State* v. *Nash*, 86 N. C. 650 [41 Am. Rep. 472]; *People* v. *Brannon*, 70 Cal. App. 225 [233 Pac. 88]; *People* v. *Mehra*, 73 Cal. App. 162 [238 Pac. 802].) [5] The alleged fact that the defendant committed the offense of practicing medicine without a license does not even tend to show that he committed the crime of abortion.

The judgment and the order are affirmed.

Hart, J., and Plummer, J., concurred.