[Crim. No. 148.   Fourth Appellate District.—October 14, 1932.]

THE PEOPLE, Respondent, v. ROBERT ROY McFARLAN, Appellant.

Tom Okawara for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

AMES, J., *pro tem.*—The appellant was convicted of a violation of the provisions of section 2 of an act of the

legislature approved June 13, 1923, commonly known as the "Firearms Act". (Stats. 1923, p. 695.) The charging part of the information is as follows: "The District Attorney of the County of Fresno hereby accuses Robert Roy McFarlan of a felony to-wit: Possession by an exconvict of a firearm capable of being concealed upon the person, in that on or about the 27th day of May, 1932, in the County of Fresno, State of California, he had in his possession and under his custody and control a firearm having a barrel less than twelve inches in length, to-wit: a revolver; he, the said defendant, being then and there a person who had previously been convicted of a felony against the person and property of another."

In addition to the foregoing allegation in the information appellant is further charged with three prior convictions, namely, petit larceny, for which it is alleged he served a term in a state reformatory in the state of Indiana; burglary and embezzlement, for each of which he is alleged to have served terms in state prisons in California.

After being arraigned the appellant pleaded not guilty to the charge contained in the information but admitted the three prior convictions and further pleaded once in jeopardy.

At the trial appellant offered in evidence a certified copy of a complaint which had been previously filed in the police court of the city of Fresno, charging him with the crime of carrying a concealed weapon, in violation of section 5 of the said "Firearms Act", together with the entries from the docket of said police court, from which it appears that the appellant was convicted as charged in the complaint and was sentenced by the court to pay a fine of $25, or, in case said fine be not paid, that he be imprisoned in the county jail of the county of Fresno until the fine was duly satisfied in the proportion of one day's imprisonment to every two dollars of the fine. Appellant also offered in evidence the commitment issued out of said police court, committing him to the county jail pursuant to the judgment of the court. To this offer the district attorney objected and the objection was sustained. Section 2 of the Firearms Act, in so far as it is pertinent to the issues involved here, is as follows: "On or after the date upon which this act takes effect, no unnaturalized foreign born person and no person who has been convicted of a felony

against the person or property of another or against the government of the United States or of the State of California or of any political subdivision thereof shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The term 'pistol', 'revolver', and 'firearms capable of being concealed upon the person' as used in this act shall be construed to apply to and include all firearms having a barrel less than twelve inches in length.''

The provisions of section 5 of said act under which appellant was convicted in the police court, are as follows: ''Except as otherwise provided in this act, it shall be unlawful for any person within this state to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm as hereinafter provided in section eight hereof. Any person who violates the provisions of this section shall be guilty of a misdemeanor and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony.''

Appellant contends that the crime of which he was convicted in the police court is the same offense of which he was charged in the superior court and that his conviction in the police court is a bar to the present action. He relies upon section 654 of the Penal Code which is in part as follows: ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.''

That section was referred to and construed in the case of *People* v. *Johnson,* 82 Cal. App. 411 [256 Pac. 273, 274]. In that case the defendant was charged with the crime of practicing medicine without a license. He attempted to plead once in jeopardy and to prove in support thereof a former charge of abortion. In that case the court said: ''The fact that the evidence may have been the same in both cases and that the proof in the former case may have been sufficient to warrant a conviction in the latter does not

necessarily establish the claim that the defendant has been in jeopardy or had been acquitted of the second charge. An acquittal or a conviction upon one charge is not a bar to a conviction upon another, if the evidence required to support the former is not sufficient to warrant a conviction upon the latter without proof of any additional fact. (*Ebeling* v. *Morgan*, 237 U. S. 625 [35 Sup. Ct. Rep. 710, 59 L. Ed. 1151; see, also, Rose's U. S. Notes].) 'The true test is: . . . Could the defendant have been convicted upon the first indictment upon proof of the facts, not as brought forward in evidence, but as alleged in the record of the second.' (*State* v. *Nash*, 86 N. C. 650 [41 Am. Rep. 472]; *People* v. *Brannon*, 70 Cal. App. 225 [233 Pac. 88]; *People* v. *Mehra*, 73 Cal. App. 162 [238 Pac. 802].) The alleged fact that the defendant committed the offense of practicing medicine without a license does not even tend to show that he committed the crime of abortion.''

In the case of *People* v. *Day*, 199 Cal. 78 [248 Pac. 250, 252], the indictment contained two counts, the first of which accused the defendant of the crime of assault with caustic chemicals; the second count charged her with the same offense, different phraseology having been adopted. The defendant was convicted on count one and acquitted on count two and contended that an acquittal on count two would operate as an acquittal of the charge contained in count one because, as she claimed, the offenses therein charged were identical. In upholding the judgment of the lower court the appellate court said:

''It may be conceded that if the two counts stated precisely the same offense that an acquittal upon one count would operate as an acquittal upon the other count. . . . It is not the great similarity in most of the facts constituting separate offenses but the presence of a fact necessary in one offense but absent in another that determines whether offenses are separate. (*Murphy* v. *United States*, 285 Fed. 801, 814; *Gaviers* v. *United States*, 220 U. S. 338, 342 [31 Sup. Ct. Rep. 421, 55 L. Ed. 489; see, also, Rose's U. S. Notes]; *Morey* v. *Commonwealth*, 108 Mass. 433.)

''This is the test used to determine the validity of a plea of once in jeopardy interposed to a subsequent indictment after an acquittal or conviction upon one indictment.''

The test to be applied to a plea of former jeopardy is again stated in the case of *People* v. *Nelson*, 70 Cal. App. 476 [233 Pac. 406, 407], in which the court said: "It has repeatedly been held that one test applicable to determine the identity of the offense is to ascertain if the evidence which is necessary to support the second information was admissible under the former, and was sufficient if believed by the jury to have warranted a conviction of that crime."

The fact that the same testimony is necessary to establish both the offense with which the defendant is charged and the one upon which he bases his claim of former jeopardy, is not the test. In the case of *In re O'Connor*, 80 Cal. App. 647 [252 Pac. 730, 732], it is said: "But where, as here, entirely separate and distinct offenses are charged in two counts and one is not necessarily included within the other, a prosecution for one is no bar to the prosecution for the other, even though the same testimony may be applicable to both."

It will be noted that the elements of the offense of which the appellant was convicted in the police court are entirely different from those contained in the charge of which he was later convicted in the superior court. The failure of the accused to procure a license to carry such weapon is an element of the offense charged under section 5 which is entirely lacking in the offense charged under section 2. On the other hand, the essence of the crime denounced by section 2 of the act under consideration is that the accused should be a "person who has been convicted of a felony against the person or property of another or against the government of the United States or of the state of California or any political subdivision thereof". From a comparison of these two sections of the act the conclusion is inevitable that the complaint in the police court charged an offense entirely different from that of which the appellant was convicted in the superior court; that the elements of the two offenses were materially different and that therefore he was not placed in jeopardy nor did the court err in sustaining objections to the proffered evidence.

The appellant next contends that the information does not charge the commission of a public offense in that it does not sufficiently inform him as to the place where and the time when he was formerly convicted of the felony,

nor the court in which such conviction was obtained, nor the name of the penal institution in which he was confined. The charging part of the information which is hereinabove quoted follows the language of the statute and we think that in this case such allegation is sufficient. It was so held in the case of *People* v. *Bertolani*, 69 Cal. App. 137 [230 Pac. 675]. The defendant in that case was prosecuted under section 2 of the Firearms Act and the information in that case alleged: "The said L. Bertolani . . . being then and there an unnaturalized foreign born person, did wilfully, unlawfully, etc. . . . " The court said: "Every fact necessary to constitute the offense defined by the act in question is charged in the information. It therefore sufficiently charges a public offense." It will also be noted that the foregoing case was decided in 1924, prior to the amendments to sections 951 and 952 of the Penal Code allowing greater latitude in criminal pleadings.

Appellant earnestly contends that the court erred in permitting the introduction in evidence of a copy of certain records of the state prison at Folsom, together with a copy of the minutes of certain meetings of the board of prison directors of that institution. The records so received in evidence disclose the fact that the appellant had, in May, 1921, been committed to the state prison at Folsom by the Superior Court of Los Angeles County, after a conviction in that court of the crime of embezzlement. A resolution of the board of prison directors discloses that the length of the confinement of appellant under the commitment from Los Angeles County was, on the eleventh day of June, 1926, fixed at six years. Other minutes record the proceedings of the board of directors in granting a parole. There is also attached to this exhibit a "descriptive card" containing a minute physical description of appellant with detailed statements as to his personal history, from which it appears that he was what is known in prison parlance as a "third termer". To this is also annexed a photographic reproduction of his finger-prints and photographs showing a profile and a front view of the appellant.

Appellant urges that the introduction of this record was prejudicial error. In order to prove that the appellant was "a person who had previously been convicted of a felony" as alleged in the information, it was competent to

introduce portions of the records of the prison within which he had been confined. Section 969b of the Penal Code provides as follows: "For the purpose of establishing *prima facie* evidence of the fact that a person being tried for a crime or public offense under the laws of this state has been convicted of an act punishable by imprisonment in the state prison of this state, and has served a term therefor in any penal institution, or has been convicted of an act in any other state, which would be punishable as a crime in this state, and has served a term therefor in any state penitentiary or reformatory, or has been convicted of an act declared to be a crime by any act or law of the United States, and has served a term therefor in any penal institution, the records or copies of records of any state penitentiary or reformatory or federal penitentiary in which such person has been imprisoned, when such records or copies thereof have been certified by the official custodian of such records may be introduced as such evidence."

His conviction of the prior offense could have been proven without the introduction of the extraneous matters contained in the prison records. However, all of the records above referred to were offered in evidence as one exhibit and the objection thereto was general, upon the ground that the same was incompetent, irrelevant and immaterial. In presenting his objection counsel for the appellant, in referring to the proffered exhibit, said: "It contains a lot of surplus matter not pertaining to any conviction whatsoever." But he failed to point out in his objection or at any time during the trial to what surplus matter he referred. Nor did he differentiate between that portion of the exhibit which was material and competent and that which should have been excluded. In fairness to the court and counsel, we think he should have pointed out whatever portions of the exhibit were objectionable.

■ Appellant next contends that it was error for the court to permit the People to introduce evidence of his prior conviction of embezzlement (which had been admitted by appellant when he entered his plea) in order to prove that he was a person who had been previously convicted of a felony as alleged in the information. Ordinarily it would be error to refer to any such conviction, and a violation of the provisions of section 1025 of the Penal Code

but in this case the prior conviction is of the essence of the crime with which the appellant was charged and is a part of the *res gestae*. In the case of *People* v. *Forrester*, 116 Cal. App. 240 [2 Pac. (2d) 558, 559], after quoting from section 1025 of the Penal Code, the court says:

"If the foregoing provisions of section 1025 of the Penal Code apply to the offense of which the defendant was convicted in this action it would be impossible ever to convict the defendant on this charge. For the offense described in the indictment includes, as a substantive part of the offense, the fact that the person charged with having in his possession the prohibited firearm is a person 'who has been convicted of a felony against the person or property of another', etc. Notwithstanding the fact that the defendant upon his arraignment admitted the prior conviction, as separately stated in the indictment, he pleaded not guilty to the principal offense and thereby put in issue the alleged fact that, at the stated time and place, he had in his possession the described firearm, he having been theretofore legally convicted of a felony, to-wit, burglary, etc. Considering the two statutes together we are satisfied that the provisions of section 1025 of the Penal Code were not intended to apply to a case where the fact of former conviction is an integral part of the present offense concerning which the defendant is brought to trial. If any additional ground of reconcilement of the two statutes should seem to be necessary, the fact may be noted that the Firearms Act of 1923 is of much later date than said section of the Penal Code, and is of necessity, *pro tanto*, a repeal of said section 1025, Penal Code."

Lastly, the appellant contends that the court erred in adjudging appellant to be an habitual criminal. Section 644 of the Penal Code provides in part as follows: "Every person convicted in this state of any felony, who shall have been previously twice convicted upon charges separately brought and tried, and served a term therefor in any state prison and/or federal penitentiary, either in this state or elsewhere, of a crime of . . . grand theft . . . shall be adjudged an habitual criminal." The crime of embezzlement, says appellant, is not enumerated among the felonies, two previous convictions of which are necessary to authorize an adjudication that the accused is an habitual criminal.

However, this contention is answered by the provisions of section 490a of the Penal Code. ''Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor.'' It will be noted that appellant's former conviction of embezzlement occurred in 1925. At that time the crime of embezzlement was a separate and distinct crime from that of theft. However, in 1927, the definition of embezzlement, larceny and other similar offenses were consolidated in section 484 of the Penal Code and designated as the crime of ''theft''. All of the elements of the crime formerly designated as embezzlement are now incorporated and included in the crime of theft and the designation of the word ''theft'' in section 644 of the Penal Code must be construed as including the crime which was formerly designated as embezzlement. We find no error in the record prejudicial to the rights of appellant.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1932.