[Crim. No. 2534. Second Appellate District, Division Two.—June 7, 1934.]

THE PEOPLE, Respondent, v. FRANCIS A. WILSON, Appellant.

140

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DESMOND, J.—The defendant in this case was found guilty in a jury-waived trial upon five counts of forgery, and appeals from the judgments and from an order denying his motion for new trial upon each of said counts.

At the trial defendant offered no evidence and moved for an acquittal after the completion of the People's case, which motion was denied. From the evidence it appears that all the offenses charged in the five counts arose out of transac-

tions at the store of the May Company in Los Angeles. Five salesmen testified that on different dates defendant secured certain merchandise—three suede coats, two overcoats and a raincoat—by signing the name Henry Wurtzel to five different sales slips therefor. It further appeared that at one time defendant had worked in the home of Mr. and Mrs. Henry Wurtzel and that Mrs. Wurtzel had an account with the May Company. Henry Wurtzel testified that he had no charge account with the May Company store and that he had no authority to order goods upon his wife's account. He also testified that he had never given defendant authority to sign his name to any of the five sales slips that were offered in evidence, and stated that he did not authorize defendant to charge his, Wurtzel's account "with any sum at all on account of these sales slips at the May Company store, or any purchases made at the May Company stores".

Upon cross-examination defendant's counsel sought to show that Henry Wurtzel at no time had an account at the May Company in his own name, and the ruling of the court that such evidence would be immaterial is set up as the first ground of error upon this appeal. The second ground is that in each case the sales slip which appellant signed is a receipt for the delivery of merchandise and not an order for merchandise, and therefore that the act proven did not constitute a violation of section 470 of the Penal Code. The third ground is that appellant was prejudiced by an order of the court which allowed the district attorney to amend the information in such manner as to show that the sales slips and orders in writing were for "merchandise" instead of for "the payment of money", as originally charged therein. The fourth ground of error rests upon the ruling of the court by which, for the purpose of showing a prior conviction, there were admitted in evidence certified copies of the photograph and fingerprints of defendant as part of the certified copy of a commitment in the state of Missouri.

As to the first assignment of error, we hold that the question whether or not Henry Wurtzel had an account in his own name with the May Company is immaterial. The gravamen of the charge is that defendant obtained property by forging the name of Henry Wurtzel, and it is

apparent that whether or not the latter had a charge account with the May Company would have no direct bearing upon that question.

■ As to the second assignment, it is immaterial whether the documents in question were receipts or orders for merchandise, under the reasoning of *People* v. *Monroe,* 100 Cal. 664 [35 Pac. 326, 38 Am. St. Rep. 323, 24 L. R. A. 33], where it is said: "It is a matter of perfect indifference whether it possesses or not the legal requisites of a bill of exchange or an order for the payment of money or the delivery of property. The question is whether upon its face it will have the effect to defraud those who may act upon it as genuine."

■ With reference to the third assignment of error—that the defendant was prejudiced in his constitutional rights when the court permitted an amendment to charge the forging of an order in writing for "merchandise" instead of "the payment of money"—we note that each count sets forth a copy of the original sales slip, one of which we here reproduce:

"Name   Henry Wurtzel
Address   1108 So. Haywood
Purchased by: Henry Wurtzel   L. A.

| Sales No. | Section | Date | Enclosure | Amt. Received |
|---|---|---|---|---|
| 2114 | 21 | ⅓ | | chg. |

| | | | | |
|---|---|---|---|---|
| 1 | coat | | | 19.75 |
| Check number | | | Tax | .49 |
| | | | copied by | 20.24" |

The sales slip in each case was prepared by the salesman, the only entry in the hand of defendant being the name of Henry Wurtzel, where it appears on the third line. It is manifest that appellant could not have been prejudiced by the ruling complained of, for if he read the information he undoubtedly knew specifically the basis of each charge brought against him.

■ As to the fourth and final assignment of error, that the court erred in permitting the introduction of a record

from the warden of the Missouri state penitentiary, we find that the certified copy, according to the reporter's transcript, consisted of three parts: "1. Photograph. 2. Fingerprint records. 3. Commitment." Under section 969b of the Penal Code it appears that this certified copy was properly admitted.

Judgments and order affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.