[Crim. No. 1715. Third Appellate District.—January 17, 1940.]

THE PEOPLE, Respondent, v. ANTHONY SANTOS et al., Appellants.

Blaine McGowan and Carl L. Christensen for Appellants.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THE COURT.—Appellants were convicted on four counts of burglary, and each were found by the jury to have suffered two prior convictions.

From the judgments imposed, this appeal is taken, and as grounds therefor, it is urged that the court erred in admitting certain penitentiary records of prior convictions which appellants claim did not conform to the requirement of section 969b of the Penal Code, and that the court abused its discretion in refusing to grant Santos a separate trial.

Section 969b of the Penal Code provides that "For the purpose of establishing *prima facie* evidence of the fact that a person being tried for a crime or public offense under the laws of this state has been convicted of an act punishable by imprisonment in the state prison of this state, and has served a term therefor in any penal institution . . . the records or copies of records of any state penitentiary or reformatory . . . in which such person has been imprisoned, when such records or copies thereof have been certified by the

official custodian of such records, may be introduced as such evidence.''

Section 1918 of the Code of Civil Procedure, after providing the manner of proving executive acts, proceedings of the legislative branches of government and certain other official documents, states in subdivision 6, ''Documents of any other class in this state by the original or by a copy certified by the legal keeper thereof,'' and subdivision 7 applying to documents in a sister state requires the production of the original, or a copy, certified by the legal keeper thereof, together with the certificate of the secretary of state, or certain other designated officers of such state that the copy is duly certified by the officer having the legal custody of the original.

In the present case the exhibits complained of consisted of certificates of the clerk of the state board of prison directors of California, showing the fact of incarceration at San Quentin and at Folsom, and of certificates of the respective wardens, under seal, showing that the card indexes, photographs and fingerprints of the prisoners were true. Certified copies of the commitments and of the discharges of each appellant were also introduced.

In *People* v. *Howard,* 72 Cal. App. 561 [237 Pac. 780], the court considered the character of the office of warden and clerk and their respective duties and powers, and the exhibits here introduced were in accordance with the rules there laid down.

Appellants seem to rely upon *People* v. *Foster,* 3 Cal. App. (2d) 35 [39 Pac. (2d) 271], but there we were considering the authentication of documents from the Louisiana state prison, and in that case, paragraph 7 of section 1918 of the Code of Civil Procedure, *supra,* and not paragraph 6, was applicable.

The second point, namely, that the court erred in refusing to grant a continuance and separate trial to Santos, and in refusing to permit defendants to withdraw their pleas of not guilty to the charge of prior convictions, were all matters resting within the discretion of the trial court, and there is nothing in the record to show an abuse of that discretion.

The judgment and order are affirmed.