[Crim. No. 2367. First Dist., Div. One. May 18, 1946.]

## THE PEOPLE, Respondent, v. FLOYD RICHARDSON, Appellant.

Alfred J. Hennessy and Walter F. Lynch for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Andrew J. Eyman, Assistant District Attorney, for Respondent.

WARD, J.—Defendant was convicted of robbery in the first degree. An adjudication that defendant is an habitual criminal accompanied the judgment, which adjudication was based upon the jury's finding of three prior convictions. (Pen. Code, § 644.) Defendant appeals from the judgment and order denying his motion for a new trial. Sixteen points involving alleged errors in the admission of evidence, in instructions and in procedure and the constitutionality of the habitual criminal statutes are urged by defendant as grounds for reversal. Some of these points are not worthy of notice; others would not justify a reversal standing alone, and one is of sufficient importance to warrant the reversal of the judgment and order denying the motion for new trial. Only those points which will affect the conduct of the new trial will be considered here.

Certain technical errors relied on for reversal in the indictment, verdict and sentence will first be considered. The indictment charged that the defendant, while using a firearm, a revolver, committed a robbery upon Andre L. Marty, and that defendant had, before the commission of the above offense, been convicted of and served a sentence for four different felonies. The defendant pleaded not guilty to the principal charge and denied the prior convictions. The defendant has been on trial twice; on the first trial the jury failed to agree. The part of the indictment charging the last prior conviction was amended once prior to the first trial to change the offense

from murder to manslaughter and again during the first trial to change the date of the conviction. Only after the second amendment did the defendant move to set aside the indictment on the grounds here urged. In support of his position he neither cites authority nor makes any argument but a bald assertion of invalidity of the entire indictment for various reasons. It is unnecessary to say anything further in respect to this claimed error than that the appellant has not presented a record from which the merits of his contentions may be ascertained and that, in any case, he has failed to show any prejudice to defendant in the procedure followed, particularly when it is noted that this appeal is from the judgment following the second trial, no amendments having taken place during it and only immaterial and insubstantial ones during the first trial. In this connection, see sections 969a, 995, 996 and 1008 of the Penal Code; *People* v. *Egan,* 73 Cal.App.2d 894, 897 [167 P.2d 766]. Next, with respect to procedure, the appellant asserts that the verdicts were not recorded until after the discharge of the jury. The record before this court is to the contrary. Finally, the appellant asserts that the judgment and sentence are void in that defendant was sentenced as an habitual criminal but not on the charge of robbery. In the present case the record indicates that the claim is without merit when the judgment and sentence are read as a whole. (*People* v. *Ure,* 68 Cal.App. 545, 548 [229 P. 987].)

The next series of alleged errors relied upon by appellant concern the admission of evidence and instructions. Inasmuch as the judgment must be reversed upon the ground that evidence was introduced over objection which prejudiced the rights of the defendant, the details of the evidence for the prosecution need not be related, except that to which exception was taken. The prosecution's case was rested principally upon the identification of defendant by Marty, operator of a cleaning and dyeing establishment, Marty's daughter, and one Collins who drove for Marty's establishment where the robbery occurred. In substance each witness testified that defendant and a companion threatened them with a firearm, tied and gagged all three, and forced them to lie on the floor. The defendant denied the charges and relied on an alibi for the time the offense was committed. The perpetrators of the crime took approximately $518 in cash, numerous checks, bank books and sundry trinkets.

Defendant testified in his own behalf on direct examination

that when officers arrived at his hotel in San Francisco a few days after the robbery, he left the hotel and San Francisco, returning to San Francisco at a much later date. On cross-examination he was asked questions relating to places he had visited during the period of his absence from San Francisco subsequent to the commission of the offense alleged in the indictment. He refused to answer certain questions on the grounds that the answers thereto would tend to incriminate him. The trial court sustained his claim of privilege. At the times in question he was on parole, and if he had left the State of California, he might be declared a parole violator. Appellant now claims that he was entitled to an instruction on the court's own motion that no "unfavorable inference against the defendant" could be drawn from the claim of privilege.

Recent Supreme Court decisions have stressed the necessity in a criminal case of a trial judge giving an instruction, on his own motion without request from the defendant, on law which is vital to the issues involved. Nearly all defendants in criminal cases on appeal now cite *People* v. *Putnam*, 20 Cal. 2d 885 [129 P.2d 367] and suggest some instruction which the trial judge should have given "of its own motion." The Putnam case was a sex case and has no application to the facts of this case. The Supreme Court in *People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8] makes it clear that the rule stated in the Putnam case that the verdict of a jury uninstructed as to law relating to the facts cannot be sustained merely because proper instructions were not requested, must be applied to the facts of each particular case, and the court there held that even though a particular instruction was inadequate, upon the record before the court, "the failure to give the further instruction is not . . . ground for reversal."

In any event there was no error here in failing to give an instruction that no unfavorable inference to defendant could be drawn from his claim of the privilege against self-incrimination when testifying as a witness in his own behalf. In *People* v. *Adamson*, 27 Cal.2d 478 [165 P.2d 3], an accused failed to take the stand and explain evidence introduced against him. In reference to comment by the prosecutor on that subject the court instructed (p. 490) : " 'It is the right of court and counsel to comment on the failure of defendant to explain or deny any evidence against him . . .; yet the jurors are the exclusive judges of all questions of fact sub-

mitted to them and of the credibility of witnesses.' '' With respect to the weight which the jury could give to the fact that the defendant failed to take the stand, at pages 489, 490, the court said: ''The failure of the accused to testify becomes significant because of the presence of evidence that he might 'explain or to deny by his testimony' . . ., for it may be inferred that if he had an explanation he would have given it, or that if the evidence were false he would have denied it.'' ''The jury, however, is concerned with the scope and nature of the consideration that it may give defendant's failure to explain or deny incriminating evidence, and in the present case should have been instructed that the defendant's failure to deny or explain evidence presented against him does not create a presumption or warrant an inference of guilt, but should be considered only in relation to evidence that he fails to explain or deny; and that if it appears from the evidence that defendant could reasonably be expected to explain or deny evidence presented against him, the jury may consider his failure to do so as tending to indicate the truth of such evidence and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable.'' These inferences which the jury may draw with respect to evidence when the accused fails to take the stand are equally probative and no more subject to any constitutional prohibition when the question involves the defendant's claim of privilege as a witness. Further, in the present case there has not been called to this court's attention that the record discloses comment upon the subject of the inference to be drawn from defendant's claim of privilege.

The cases relied upon by defendant to show that no inference is permissible from a witness' claim of privilege, of which the first one, *People* v. *Glass,* 158 Cal. 650 [112 P. 281], is a fair example, are distinguishable from the present case in that they involve cases where the inference to be drawn against the defendant was based upon a claim of privilege by a witness other than the defendant. (*People* v. *Kynette,* 15 Cal.2d 731 [104 P.2d 794].) The defendant's claim of privilege against self-incrimination as a witness and not as a defendant should be treated no differently from a witness' claim of privilege in a civil case if the inference to be drawn from the claim of privilege is relevant to these issues. (*Fross* v. *Wotton,* 3 Cal.2d 384 [44 P.2d 350].) The witness'

privilege is to prevent testimony which might be used against him in a subsequent criminal suit and not to keep out probative evidence or any inferences to be drawn from the claim of privilege which might be relevant to the issues in the matter before the court. Here the inference to be drawn from the defendant witness' claim of privilege was relevant to the issue of flight. The evidence of flight could be considered as probative of defendant's consciousness of guilt. (*People* v. *Santora,* 51 Cal.App.2d 707 [125 P.2d 606]; *People* v. *Gregoris,* 70 Cal.App.2d 716 [161 P.2d 568]; *People* v. *Hall,* 199 Cal. 451 [249 P. 859]; *People* v. *Ellis,* 188 Cal. 682 [206 P. .753].) Although no inference of guilt of the principal offense charged could have been drawn solely by reason of the claim of privilege, the inferences above noted were permissible, and consequently there was no error in failing to instruct that no inference against the defendant could be drawn from his claim of privilege. It should be noted, however, that the court is not deciding whether or not the trial court properly allowed the claim of privilege in view of the defendant's testimony on direct examination which in some instances might be considered a waiver of his claim of privilege.

A number of other complaints are made with respect to instructions which were given or refused. The objections are technical and were they well taken, viewing the instructions as a whole, could not be classified as prejudicial. ■ The instruction concerning credibility to be accorded the number of witnesses was given substantially in the language of the statute. (Code Civ. Proc., § 2061(2).) ■ An instruction on aiding and abetting is proper where more than one person, as in this case, takes part in the commission of an offense. ■ In the present case there was not only direct testimony by way of identification that the defendant committed the offense charged, but also testimony concerning the defendant's use of an assumed name, flight, possession of firearms, etc., which latter evidence justified instructions on circumstantial evidence. The instruction concerning the weight to be given direct or circumstantial evidence did not invade the province of the jury. Finally, the jury were adequately instructed with respect to the use to which the proof of the prior convictions could be put, had the proof been free from defects. ■ In a trial of a criminal case there are at least two

ways in which the prosecution may refer to previous convictions: (1) If the defendant denies allegations in the information or indictment of prior convictions, the State must prove the prior convictions (Pen. Code, § 1025); and (2) if the defendant takes the stand as a witness he may be impeached by proof that he has been convicted of a felony (Code Civ. Proc., § 2051). The defendant in this case denied that he had suffered any of the prior convictions alleged in the indictment, thereby necessitating proof of the prior convictions which respondent attempted to make by introducing certain exhibits authenticated by the wardens and secretaries of state of the respective states where defendant had previously been incarcerated. There is no merit in appellant's contentions that these exhibits were not properly authenticated. (Pen. Code, § 969b; *People* v. *Santos,* 36 Cal. App.2d 599, 601 [97 P.2d 1050].) However, attached to the exhibit introduced in support of the allegation of a prior conviction in Colorado was a "criminal record" which formed no part of the necessary proof of conviction and service of sentence. The question was raised as to whether the criminal record or police history was known to the jury. The record failed to disclose the answer, whereupon this court under the provision of rule 12 of the Rules on Appeal (22 Cal.2d 1) directed the trial court to augment the record in this respect. The order of this court was complied with and the trial court found that the contents of the exhibit were known to the jury and that it was taken into the jury room. The appellant objected to the introduction of the exhibit in its entirety on the grounds that it was hearsay and contained irrelevant and highly prejudicial matters. This criminal record shows that defendant has escaped from a governmental agency several times; that he has been arrested as a suspect of other crimes on numerous occasions, in some instances the charges being dismissed; that defendant has been arrested on a murder charge; that he had served various terms in county jails on various minor accusations. The record shows that he was convicted only of manslaughter instead of murder. The mere reading of this history might prejudice a member of an appellate court experienced with similar histories. If this is possible, it must be concluded that twelve laymen might be astounded and become prejudiced against the defendant on the charge alleged in the indictment in this case. Although the court instructed that evidence of

prior convictions could not be considered as evidence of the defendant's guilt on the charge "the defendant is now on trial for," no instruction was given that the criminal record, with its accusation, arrests and escapes, should not be considered on either the prior conviction or the issue of robbery. The objectionable criminal history could and should have been deleted from the copies of the prison records and the certificate of the "official custodian of such records" (Pen. Code, § 969b) as incompetent and irrelevant matter. The method of elimination is a practical matter in the hands of the respective attorneys and the trial court. The admission of such evidence in a criminal trial is error of an extremely prejudicial variety. The other exhibits introduced in support of the prior convictions are subject to the same objection, although standing alone the irrelevant and prejudicial matter contained therein, might not require a reversal. The court is here considering only the most flagrant example in the exhibits which was called to the court's attention in the briefs.

■ The statements herein should not be construed as an attempt to disapprove the rule that in proving prior convictions, finger prints and other necessary matters of identification are admissible to connect the accused with the prior conviction. (*People* v. *Santos, supra; People* v. *Wilson*, 139 Cal.App. 139 [33 P.2d 476] ; Pen. Code, § 969b.) ■ Photographs and finger prints for identification purposes may not be deemed prejudicial as such evidence may be necessary, but "over-emphasis" of former convictions (144 A.L.R. 420) or the introduction of evidence merely having a tendency to show that the accused is of a bad character may deprive and in this case did deprive the defendant of a fair trial. In *People* v. *McFarlan*, 126 Cal.App. 777 [14 P.2d 1066], extraneous matters connected with certificate from prison officials were held not to be objectionable on the theory that the objection did not differentiate between competent and incompetent evidence. In the present case it was pointed out that "it is highly prejudicial, that so-called history." In addition, the district attorney admitted that the criminal history "is not a portion of the required documents necessary to prove a prior conviction."

■ Further, the statements herein should not be construed as impairing the right on cross-examination to impeach a witness "not by evidence of particular wrongful acts" but

by proof that the witness has "been convicted of a felony." (Code Civ. Proc., § 2051.) The defendant in the present case appeared as a witness and was therefore subject to examination under the provisions of Code of Civil Procedure, section 2051. A witness must answer relative to a previous conviction (Code Civ. Proc., § 2065), irrespective of Penal Code, section 1025, which provides for procedure and sets forth the rights of a defendant when charged with a previous conviction. ▮ Having voluntarily offered himself as a witness, his credibility was subject to the same process of impeachment as any other witness. (*People* v. *LaVerne*, 212 Cal. 29 [297 P. 561] ; *People* v. *Tinnin*, 136 Cal.App. 301 [28 P.2d 951].) Section 969a provides that an indictment may be amended to charge prior convictions, but in *People* v. *Romer*, 218 Cal. 449 [23 P.2d 749], the court said (p. 452) : "We are unable to agree with defendants that the effect of these questions is to compel self-incriminating answers." In the present case as in *People* v. *David*, 12 Cal.2d 639 [86 P.2d 811], the defendant took the stand and made reference to previous conviction, but the prosecution did not go beyond the fact of convictions. At page 646 the court said: "In this state the testimony of a witness may be impeached by proof that he has suffered the prior conviction of a felony. (Code Civ. Proc., sec. 2051.) This rule applies to a defendant who testifies in his own behalf in a criminal trial notwithstanding the fact that such evidence tends to prejudice him in the eyes of the jury. (*People* v. *Romer*, 218 Cal. 449 [23 P.2d 749] ; *People* v. *La Verne*, 212 Cal. 29 [297 P. 561].) The nature of the crime or crimes of which he was convicted is a proper subject of inquiry in establishing the fact of his conviction. (*People* v. *Higbee*, 78 Cal.App. 455 [248 P. 927] ; *People* v. *Craig*, 196 Cal. 19 [235 P. 721].) But details and circumstances comprising the prior offenses are not admissible." (See, also, *People* v. *Oliver*, 7 Cal.App. 601 [95 P. 172] ; *People* v. *Silva*, 2 Cal.App.2d 616 [38 P.2d 481] ; *People* v *Williams*, 27 Cal.2d 220 [163 P.2d 692].)

In this connection it should be noted that there is n merit in the appellant's contention that he was prejudiced by the charge of prior convictions of felonies in the indictment which did not come within Penal Code, section 644. Section 644 of the Penal Code is not the only section under which the fact of a prior conviction and service of sentence for a felony by the accused becomes important. Section 969a of

the Penal Code provides for the amendment of an indictment or information "Whenever it shall be discovered that a pending indictment . . . does not charge *all prior felonies* of which the defendant has been convicted." (Italics added.) "One who is threatened with a more severe penalty because the People contend that his offense is not his first, should be given an opportunity to know of it, and govern himself accordingly. If he acknowledges the existence of a prior conviction and fears that the trier of fact will be prejudiced by it, an admission of its existence before a trial to a jury begins avoids the danger." (*People* v. *Ratner,* 67 Cal.App.2d Supp. 902, 908 [153 P.2d 790].) The Legislature seems to have balanced the evils and realized that the People should not have to elect which of the prior convictions they can expect to prove beyond a reasonable doubt and which of the felonies as a matter of law comes within specific provisions of the Penal Code. This is not a case where the prosecuting official could be deemed to have deliberately attempted to prejudice the defendant by a long series of irrelevant charges in the indictment. Further, as above noted, the defendant here took the stand. Having taken the stand and testified in his own behalf, he could be impeached by proof of his conviction of any felony and consequently all the priors here charged went before the jury as proper impeaching evidence in answer to questions propounded by the prosecution on cross-examination. On the facts of the instant case, no prejudice could possibly have resulted had the prior convictions been improperly charged in the indictment.

However, in order for the adjudication that defendant is an habitual criminal to be sustained the proof of the previous convictions must conform to the offenses that are enumerated and designated in Penal Code section 644 as the "aforementioned felonies." (*People* v. *McChesney,* 39 Cal. App.2d 36 [102 P.2d 455] ; *People* v. *Dawson,* 210 Cal. 366 [292 P.2d 267] ; *In re Schneider,* 23 Cal.2d 427 [144 P.2d 329].) The conviction of a misdemeanor would not conform to the provision of the section. This is emphasized in at least one instance by reference to a "felonious assault with a deadly weapon." If such assault had been declared a misdemeanor in the pronounced judgment it would not be a recognized prior conviction within the meaning of Penal Code section 644. On oral argument, respondent conceded that as the record now stands, there is no proof that the prior conviction in Colorado comes within the definition of any similar felony in California

which is enumerated in section 644 of the Penal Code. The manslaughter conviction does not come within the terms of section 644. And as the record now stands, the conviction of "burglary in the second degree" in the State of Washington could have been an offense that would not have been burglary in California. The requisite intent for burglary in the second degree in Washington at the time of defendant's offense, Dec. 5, 1919, was "to commit some crime" (Rem. Rev. Stat. 1932, § 2579, L. of 1909, p. 989, § 327), whereas in California the requisite intent was "to commit grand or petit larceny or any felony." A crime includes both felonies and misdemeanors. We must assume that defendant was convicted of the least offense in Washington. (*In re Gilliam,* 26 Cal.2d 860, 862 [161 P.2d 793].) Consequently, as the record now stands the People have failed to prove that the prior conviction for second degree burglary in the State of Washington comes within the requirements of the habitual criminal statute. Upon retrial these defects in proof might be remedied.

 The appellant next claims error in respect to the admission in evidence of four guns—two 45 automatics, one 38 revolver and one small nickel plated revolver. The respondent seeks to justify the admission in evidence of these exhibits as follows: A witness who identified the defendant as the person who committed the alleged robbery also testified that a "45 automatic" weapon found in defendant's suitcase was similar to the one which had been used on the night of the robbery. This weapon was admissible in evidence. (*People* v. *Ferdinand,* 194 Cal. 555 [229 P. 341] ; *People* v. *Hightower,* 40 Cal.App.2d 102 [104 P.2d 378]; *People* v. *Beltowski,* 71 Cal.App.2d 18 [162 P.2d 59].) The second 45 automatic and the 38 revolver were taken from the defendant *at the time of his arrest.* The small nickel plated revolver was taken from a suitcase which is claimed to be the property of the defendant. The evidence does not show that this small nickel plated revolver was used in the commission of the offense. The admissibility of the 38 revolver and the small nickel plated weapon must rest upon the theory that they were found in the possession of defendant at the time of arrest. In this connection it must be noted that when it is charged that the accused was armed with a weapon, either at the time of the commission of the offense or at the time of his arrest, or both, and the defendant enters a plea of not guilty, the jury if it finds the defendant guilty on the offense charged or of an

offense included therein must also find separately on the allegation that the defendant was armed as charged. (Pen. Code, § 1158a.) The indictment in the present case alleges that "he, the said FLOYD RICHARDSON, at the time of the commission of the said offense being then and there armed with a certain firearm, to-wit: a revolver, without having a license or permit to carry such firearm, in violation of Section 5, Chapter 339, Statutes of 1923, as amended." *There is no allegation that the accused was armed at the time of his arrest.* The variance between the indictment and the proof with respect to revolvers and automatics is immaterial so far as the enhancement of the offense is concerned inasmuch as the statute requires only that a firearm be carried at the time of the arrest or the commission of the offense. ▆▆ However, the errors with respect to the admission of all the guns in evidence are evident from the lack of the two separate charges—at the time of the arrest and at the time of the commission of the crime—in the indictment. Only guns which could have been used in the commission of the crime would be relevant to the issues here. ▆▆ And for these purposes the court will take judicial notice of the vast difference between a revolver and an automatic in appearance.

In the Beltowski case, *supra,* the record does not disclose the present error. The court at page 23 says: "Here, however, two or three pistols were found in Beltowski's room (together with other arms and ammunition) at the time of the arrest. (See *People* v. *Nakis,* 184 Cal. 105, 113, 114 [193 P. 92].) It was proper for the prosecution to lay before the jury all the circumstances surrounding the arrest. (*People* v. *Mar Gin Suie,* 11 Cal.App. 42 [103 P. 951] ; *People* v. *Stoerkel,* 87 Cal.App. 336, 340 [262 P. 825].) Nor need there be positive identification of a weapon. (*People* v. *Ferdinand,* 194 Cal.555, 563, 564 [229 P. 341].) The possession by a defendant of means such as were used to commit the crime renders the same admissible even though not identified in any way by the eyewitness to the offense. (*People* v. *Radovich,* *supra* [122 Cal.App. 176 (9 P.2d 542)], and cases cited. (*People* v. *Hale,* 81 Cal.App. 734, 735 [254 P. 639] ; *People* v. *Stoerkel, supra; People* v. *Mar Gin Suie, supra; People* v. *Hightower,* 40 Cal.App.2d 102, 107 [104 P.2d 378].) In *People* v. *Abbey,* 124 Cal.App. 412, 417 [12 P.2d 655], the victim did not even see the gun, which was concealed in the defendant's coat pocket. It was nevertheless held admissible." ▆▆ Here

the prosecution relied on a specific type of weapon to which the identifying witnesses testified. However, standing alone, the admission in evidence of the revolvers would not be prejudicially erroneous. (*People* v. *Beltowski, supra; People* v. *Flanagan,* 65 Cal.App.2d 371 [150 P.2d 927]; *People* v. *Pianezzi,* 42 Cal.App.2d 265 [108 P.2d 732]; *People* v. *Simeone,* 26 Cal.2d 795 [161 P.2d 369].) On the retrial of the present case to cure the error the indictment might be amended, further identification made of the weapons, or the evidence eliminated.

██ Objections to other admissions of evidence introduced are without merit. The time card of one Joseph Hume which was offered in rebuttal by the prosecution to refute testimony that Joseph Hume was present at the dinner party relied on by defendant for an alibi was properly admitted under section 1953f of the Code of Civil Procedure (Uniform Records as Evidence Act) and decisions thereunder (*People* v. *Jones,* 61 Cal.App.2d 608, 626 [143 P.2d 726]; *Doyle* v. *Chief Oil Co.,* 64 Cal.App.2d 284, 293 [148 P.2d 915]), inasmuch as the subforeman in charge of the crew in which Mr. Hume worked testified as to the usual course of business with respect to the card and his custodianship and supervision of its preparation. It is perfectly proper to permit eyewitnesses who identify the defendant in the court room to corroborate their testimony by a statement of the fact of a prior identification which was all that was done here. (22 Cal.Jur. 859; IV Wigmore on Evidence, § 1130, p. 208.)

██ Various attacks are made upon the constitutionality of section 644 of the Penal Code. There is no merit in the contention that the application of the provisions of section 644 in this case would result in double punishment. Defendant argues that he has already suffered "enhanced punishment" as an habitual criminal in the State of Washington upon certain prior convictions that are also alleged in the present indictment. If this argument is sound, then section 644(b) would be inoperative. In other words, if upon a trial for an offense such as robbery a defendant had been declared an habitual criminal as one who had been twice convicted (subd. (a)) and suffered conviction upon the charge of robbery and was adjudged an habitual criminal and incarcerated in prison for a term prescribed by law and in due course released, then it is appellant's contention that upon the conviction of another offense of robbery that the first two priors used in the former conviction could not be used in a subsequent conviction. ██ Allegations

of previous convictions, and that an accused is an habitual criminal, are not allegations of a substantive crime, but are a status which, in the eyes of the law, aggravates the position of the perpetrator of the primary offense alleged in the indictment in the sense that he comes within the classification of those who probably may never be reformed. He has evidenced a predilication to commit certain offenses which has become a settled custom, indicating a tendency toward repetition. Such an offender, so the Legislature has decreed, is subject to the infliction of a longer term of imprisonment. (*People* v. *Biggs,* 9 Cal.2d 508 [71 P.2d 214, 116 A.L.R. 205] ; *In re Rosencrantz,* 205 Cal. 534 [271 P. 902].) "Aside from the offender and his victim there is always another party concerned in every crime committed—the state; and it does no violence to any constitutional guaranty for the state to rid itself of depravity when its efforts to reform have failed." (8 R.C.L., p. 271, § 284.) "The additional penalty is considered punishment for the last offense." (*People* v. *Quiel,* 68 Cal.App.2d 674, 680 [157 P.2d 446].) To uphold appellant's contention would mean that when convicted of an offense with two priors an accused should be declared an habitual criminal, but when convicted with three priors the defendant could be imprisoned for the last offense and all priors would be eliminated from consideration, which would defeat the very purpose of the statute, namely, the protection of society. The use of the word "punishment" is not always appropriate. "Penal laws are not so much for the punishment of the offender as for the protection of society; and experience has shown that the persistent and hardened offender is more dangerous to society than a person who has committed but one offense, and that a severer punishment is demanded in such case, the better to protect society." (*People* v. *Coleman,* 145 Cal. 609, 611 [79 P. 283].)

In appellant's closing brief a new contention with respect to the habitual criminal statute is presented, without citation, namely, that subsection (c) renders Penal Code, section 644 unconstitutional. Subsection (c) reads: "Provided, however, that in exceptional cases, at any time not later than 60 days after the actual commencement of imprisonment, the court may, in its discretion, provide that the defendant is not an habitual criminal, and in such case the defendant shall not be subject to the provisions of this section or of Sections 3047 and 3048 of this code." Appellant contends that "Exceptional cases" are left to the "discretion" of "the court," without

544

legislative guide. In *People* v. *Biggs,* 9 Cal.2d 508, 515 [71 P.2d 214, 116 A.L.R. 205] and *People* v. *Jones,* 6 Cal.2d 554 [59 P.2d 89], the Supreme Court has presumed that subsection (c) of section 644 of the Penal Code is constitutional. Further, on the facts of this case a complete answer to appellant's contention is found in *People* v. *Keilly,* 54 Cal.App.2d 764, 768 [129 P.2d 939] (hearing by Supreme Court denied). Subsections (a) and (b) under which appellant was sentenced are clearly constitutional. (*People* v. *d'A Phillipo,* 220 Cal. 620 [32 P.2d 962] ; *In re Rosencrantz, supra;* 7 Cal.Jur. 846-848 ; 8 R.C.L. 271 ; 58 A.L.R. 20.)

 This court is zealous in guarding the constitutional right of every person charged with crime to have a fair and impartial trial. Although the main question in a criminal case is to determine if there is evidence to support the verdict that the defendant is guilty of the crime charged, in the face of the record in this particular case, it must be held that the defendant did not have a fair and impartial trial because of the presentation to the jury of the records of his criminal career, most of which had no bearing on the questions at issue. (*People* v. *Sarazzawski,* 27 Cal.2d 7, 11 [161 P.2d 934].) The reversal is placed solely upon this ground.

The judgment and the order denying defendant's motion for a new trial are reversed.

Peters, P. J., and Schottky, J. pro tem., concurred.