[Crim. No. 4961. Second Dist., Div. One. Aug. 27, 1953.]

THE PEOPLE, Respondent, v. WALTER CARL ROTH, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and Ellis Peter Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted of a felony, petit theft with a prior conviction and imprisonment for the same offense. His application for probation was denied, and he was sentenced to state prison.

The only testimony before the trial court was that adduced on defendant's preliminary examination in the municipal court. He strolled into the stock room of Lou's garage, where he had no business to be. Garage employees saw him, chased and ran him down.

Like a barnyard fowl with a delectable morsel, hotly pursued, he scattered spark plugs on the ground—$34 worth of them—for a city block or more. Sam Liebowitz, in charge of the stock room, and father of Lou, the owner, ran puffing along behind, picking up spark plugs, each in its little pasteboard box.

Defendant did not take the stand and testify in his own behalf, either in the superior court or in the municipal court.

Just before the People rested their case in the superior court, the following took place:

"The Court: Let the record show the Court has read the testimony given at the preliminary hearing.

"Mr. McLarty: It is my understanding that the prior was stipulated to in the preliminary, and we enter into that stipulation at this hearing.

"The Court: To avoid any possibility of mistake on it, with respect to the prior conviction of petty theft as alleged in the information, do you admit or deny that?

"Mr. Larsen: We admit that.

"The Court: As charged?

"Mr. Larsen: Yes, your honor.

"Mr. McLarty: People rest, your honor."

In his brief on appeal, defendant concedes that the evidence was sufficient to support the finding of guilty by the trial judge. He contends, however, that the record does not sufficiently establish his prior conviction and imprisonment for petit theft, despite the admissions of it by his own counsel.

Defendant argues that because section 1018 of the Penal Code provides "every plea must be put in by defendant himself in open court," the admissions made by his counsel at his trial in the superior court and at his preliminary examination in the municipal court do not legally establish the fact of his prior conviction.

 Defendant overlooks the elementary principle of criminal law that a plea of not guilty by a defendant puts in issue every material allegation in the indictment or information. (*People* v. *Leong Fook,* 206 Cal. 64 [273 P. 779]; *People* v. *Ross,* 60 Cal.App. 163 [212 P. 627].) His prior conviction was of the essence of the crime with which

he was charged, and was therefore put in issue by his plea of not guilty. (*People* v. *McFarlan*, 126 Cal.App. 777 [14 P.2d 1066].) ■ A defendant charged with a particular offense and previous convictions may plead not guilty and put in issue every material allegation of the information, or he may plead not guilty of the principal offense charged and confess the previous convictions. (*People* v. *Wheatley*, 88 Cal. 114 [26 P. 95].)

■ The judgment must be affirmed for another equally cogent reason. In evidence in the preliminary examination was a certified copy of defendant's first conviction and judgment of imprisonment for petit theft. The record of the preliminary examination was, by stipulation, before the trial judge in the superior court. Thus the People doubly proved their case.

The judgment is affirmed.

Doran, Acting P. J., and Scott (Robert H.), J. pro tem., concurred.