[Crim. No. 3986. First Dist., Div. Two. Oct. 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. KARL L. HOERLER, Defendant and Appellant.

Roger W. Findley, under appointment by the District Court of Appeal, and Morrison, Foerster, Holloway, Clinton & Clark for Defendant and Appellant.

Stanley Mosk, Attorney General, John C. McInerny, Eric Collins and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Appellant, Karl L. Hoerler, and his codefendant, William H. Bryant, were charged by information with burglary of an automobile, in violation of section 459 of the Penal Code; appellant was also charged with two prior convictions, which he denied. Hoerler alone appeals from the judgment[1] entered on a jury verdict finding him guilty as charged, contending that: (1) certain exhibits were erroneously admitted, to his prejudice; (2) the trial court erred in its instructions to the jury; and (3) the procedure of proving prior convictions, together with the substantive offense, is an unconstitutional denial of the right to a fair and impartial trial.

The record reveals the following: About 8 p. m. on February 7, 1961, Benjamin E. Ford, who lived on the ground floor at 645 Leavenworth Street in San Francisco, entered his unlighted kitchen, which overlooked Leavenworth Street. Ford looked out his window, saw the appellant about 1½ feet away looking up and down the street, while Bryant stepped up to a 1959 Chevrolet station wagon which was parked at the curb, and made a motion with his hand. Immediately thereafter, Ford heard breaking glass. Ford then saw Bryant open the door and enter the automobile. Ford left the kitchen and telephoned the police.

An undercover car cruising in the neighborhood arrived immediately. As the officers turned into Leavenworth Street, they saw the appellant step away from the building toward the car and walk south, while Bryant, who was crouched by the hood of the car, stood up and walked away in the opposite direction. The officers arrested both. By the hood of the station wagon, the officers found an electric drill which had been underneath the back seat; Bryant had a chain and screws which had also been in the car. Bryant stated that "we were going to fix some screws in the wall" but neither his apartment nor the appellant's indicated any signs of this kind of work. The appellant first acknowledged he and Bryant were together but later asserted that he had never known Bryant; that he was walking down the street to make a telephone call and had stopped at an apartment house door to put some

---

[1]The appeal was filed on May 16, 1961, in propria persona, and is from the judgment only. No motion for a new trial was made.

telephone numbers into his billfold when he was suddenly stopped, searched and handcuffed.

The first contention on appeal is that People's Exhibits 7, 8 and 9 were erroneously admitted into evidence as these exhibits contained irrelevant and prejudicial matters that resulted in a miscarriage of justice. Appellant contends that except for these exhibits, the evidence connecting him with the burglary and with Bryant was slight. We cannot agree, as we think there is ample evidence in the record to support the judgment. The uncontroverted evidence established that Ford saw the appellant acting as a lookout, while Bryant broke into and entered the locked car. The owner of the car testified that she knew neither the appellant nor Bryant, and had not given them permission to use her car. Ford testified that the street was well lit and his identification of appellant and Bryant positive. Bryant did not take the stand. Appellant took the stand in his own behalf and testified he had been walking by himself on the street and that he did not know Bryant.

The exhibits in question are People's Exhibit 7, a San Francisco police card, which indicated that the appellant was arrested on January 19, 1957, for vagrancy and turned over to the California Youth Authority; People's Exhibit 8, certified copies of several documents from the department of corrections, indicating that on July 3, 1958, the appellant was convicted of attempted burglary, served a three-and-one-half-year term therefor, and that in 1957, appellant was convicted of receiving stolen property in violation of section 496 of the Penal Code, and sentenced to one year in the county jail; People's Exhibit 9, an abstract of judgment, indicating that the appellant had been convicted of attempted burglary in 1958 and of receiving stolen property in 1957. People's Exhibit 8 includes a photocopy of Exhibit 9, and a letter to the director of corrections from the sentencing court in the burglary matter, pointing out that the abstract of judgment did not show that appellant had been sentenced to the county jail for the violation of section 496 of the Penal Code.

There is no question that these three exhibits were admitted during the prosecution's case in chief for the purpose of proving the two prior convictions which the appellant had previously denied. The record indicates that the appellant, who conducted his own defense at the trial, after the offer of the exhibits, stated: "I served time at San Quentin for attempted burglary, but I fail to see what that has to do with

this case we have in court right now." The trial court carefully explained the matter of the prior convictions to the appellant, who persisted in stating his reasons for the denial of the priors and in arguing with the court about the admissibility of the evidence.

Appellant, citing *People* v. *Adams,* 76 Cal.App. 178 [244 P. 106], next argues that People's Exhibit 7, the San Francisco police card, was erroneously introduced and unduly prejudicial because of the photographs of the appellant, the description of his tattoos, and the mention of the 1957 vagrancy arrest. The case cited by the appellant is not in point, as the evidence in that case was not introduced to prove a prior conviction. Here, the fingerprints shown on People's Exhibit 7 tended to prove prior conviction by way of identification.

Appellant further contends that the introduction of People's Exhibits 8 and 9 was prejudicial error as the prosecution may introduce only evidence of prior felony convictions, not evidence of misdemeanor convictions or arrests or acts of misconduct not leading to arrest (*People* v. *Kidd,* 56 Cal.2d 759 [366 P.2d 49]; *People* v. *Richardson,* 74 Cal. App.2d 528 [169 P.2d 44]). While appellant concedes that the irrelevant portions of the exhibit were not alluded to orally during the trial, his claim of prejudice is based on the fact that the exhibits were taken into the jury room and considered by the jury before the rendition of the verdict.[2] In *People* v. *Kidd, supra,* the objectionable evidence, as in *People* v. *Adams, supra,* was not introduced to prove a prior conviction. In *People* v. *Richardson, supra,* the court reversed a conviction on the ground that the portion of the exhibit relating to the defendant's criminal record, which was not necessary for the proof of the prior convictions, should have been separated from the admissible portions of the exhibit, and the jury instructed not to consider the irrelevant matters on either the prior conviction or the main offense. The court said, however, at page 537. "The statements herein should not be construed as an attempt to disapprove the rule that in proving prior convictions, finger prints and other necessary matters of identification are admissible to connect the accused with the prior conviction. (*People* v. *Santos, supra* [36 Cal.App.2d 599 (97 P.2d 1050)]; *People* v. *Wilson,* 139 Cal.App. 139 [33 P.2d 476]; Pen. Code, § 969b.) Photographs and finger prints for identification purposes may not be deemed preju-

---

[2]See jurors' affidavits attached to the March 1962 motion to augment granted by this court.

dicial as such evidence may be necessary, but 'over-emphasis' of former convictions (144 A.L.R. 420) or the introduction of evidence merely having a tendency to show that the accused is of a bad character may deprive and in this case did deprive the defendant of a fair trial. In *People* v. *McFarlan*, 126 Cal.App. 777 [14 P.2d 1066], extraneous matters connected with certificate from prison officials were held not to be objectionable on the theory that the objection did not differentiate between competent and incompetent evidence.''

Even assuming arguendo that the appellant's statement was a proper objection, the record here indicates that the evidence was not overemphasized and was introduced for identification and to connect the appellant with the prior convictions.

■ The record also indicates that no timely and proper objection was made. As the appellant chose to be his own attorney, he assumes for all purposes connected with the case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the burden he has undertaken (*People* v. *Green*, 191 Cal.App.2d 280 [12 Cal. Rptr. 591] ; *People* v. *Mattson*, 51 Cal.2d 777 [336 P.2d 937] ). As no proper objection (*People* v. *McFarlan*, 126 Cal.App. 777 [14 P.2d 1066] ) was made, his complaints in this court are too late (*People* v. *Horn*, 187 Cal.App.2d 68, 77 [9 Cal.Rptr. 578] ; *People* v. *Collins*, 117 Cal.App.2d 175, 184 [255 P.2d 59] ).

■ Appellant also argues that the trial court erred in its instructions to the jury by failing to give the cautionary instruction mentioned in the *Richardson* case, and by instructing the jury to find whether he had served time in a penal institution if they found the prior convictions to be true. As these objections were not made below, they cannot be raised for the first time on appeal.

■ We turn now to the appellant's final and major contention, which is that the statutory procedure for proving prior convictions is a denial of the right to a fair trial guaranteed by article I, section 13 of the state Constitution and the Fourteenth Amendment of the Constitution of the United States. Appellant contends that the deprivation of the constitutional right occurs when the indictment referring to the prior conviction is read to the jury and the evidence is presented to the jury at the same time as the proof of the substantive crime. The statutory procedure relating to the proof of prior convictions outlined in sections 969, 1025, 1093 and

1158 of the Penal Code, has long been established and its constitutionality upheld (*People* v. *Coleman,* 145 Cal. 609 [79 P. 283]). Appellant, however, contends that the basis of the decision in the *Coleman* case,[3] i.e., that the former conviction is a fact, which constitutes the aggravated offense, has been expressly disapproved, as our Supreme Court recently held that the prior convictions are not an element of the substantive offense (*In re McVickers,* 29 Cal.2d 264, 270-271 [176 P.2d 40]). Appellant is correct in pointing out that the sole purpose of the prior convictions is to provide increased punishment of those whose prior convictions fall within the scope of the statutes (*People* v. *Morton,* 41 Cal.2d 536, 543 [261 P.2d 523]).

Appellant, relying on *State* v. *Kirkpatrick,* 181 Wash. 313 [43 P.2d 44], subsequently overruled in *State* v. *City of Ritzville,* 16 Wn.2d 36 [132 P.2d 737, 144 A.L.R. 681]; *Hall* v. *Commonwealth,* 106 Ky. 894 [51 S.W. 814]; *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; *Henslee* v. *United States,* 246 F.2d 190, argues that the procedure outlined by sections 969, 1025, 1093 and 1158 of the Penal Code is unconstitutional, and that the proper procedure is a bifurcated proceeding in which the fact of prior conviction is determined in a proceeding after the conviction of the primary offense.

In *People* v. *Williams,* 148 Cal.App.2d 525 [307 P.2d 48], section 1093 was construed to permit the reading of the indictment containing the prior conviction denied by the appellant. The statutory procedure here followed has also been approved in a long line of well established authorities, including *People* v. *Santos,* 36 Cal.App.2d 599 [97 P.2d 1050]; *People* v. *Wilson,* 139 Cal.App. 139 [33 P.2d 476]; *People* v. *Douglas,* 187 Cal. App.2d 802 [10 Cal.Rptr. 188], and *People* v. *Zavaleta,* 182 Cal.App.2d 422 [6 Cal.Rptr. 166]. ▆ As the court stated in *People* v. *Douglas, supra,* at p. 808: " 'The law is established in California that when a defendant is charged in an information or indictment with having suffered a previous conviction, if he denies at the time of his arraignment that he has suffered such previous conviction the issue thus joined must be tried by the jury which tries the issue upon his plea of not guilty to the offense charged in the information

---

[3]In *People* v. *Coleman,* the court relied on the similar result in *People* v. *Sickles,* 156 N.Y. 548 [51 N.E. 288]. Under the New York law, the prior conviction was an essential element of the aggravated offense charged (51 N.E. at p. 289).

or indictment. (Pen. Code, § 1025.)' (*People* v. *Kingsbury,* 70 Cal.App.2d 128, 131 [160 P.2d 587].)''

 Although section 1158 of the Penal Code requires the jury to find separately on the issue of the prior convictions and the primary crime, and the two matters are clearly severable for some purposes (*People* v. *Morton,* 41 Cal.2d 536, 543 [261 P.2d 523]), it has been repeatedly held that a defendant is not entitled to have a separate jury impaneled to try the alleged prior conviction (*People* v. *Russell,* 195 Cal.App.2d 529 [16 Cal.Rptr. 9]; *People* v. *Collins,* 117 Cal.App.2d 175 [255 P.2d 59]), as the whole spirit of intent of the statutory provisions for proving and alleging prior convictions is that the charge of prior convictions shall be passed upon in connection with the new offense charged and by the same jury (*People* v. *Ysabel,* 28 Cal.App.2d 259, 263 [82 P.2d 476]).

No prejudicial error appearing in the record before us, the judgment is affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied October 29, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 5, 1962. White, J.,* participated therein.

---

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.