[Crim. No. 1258.  First Appellate District, Division One.—June 19, 1926.]

# THE PEOPLE, Respondent, v. MERRITT HIGBEE, Appellant.

[1] CRIMINAL LAW—BURGLARY—VERDICT—EVIDENCE.—In this prosecution for burglary, the evidence was sufficient to support the verdict of guilty of burglary in the second degree.

[2] ID.—PLEAS—EVIDENCE—INSTRUCTIONS.—In such prosecution, the act of the trial court in disregarding defendant's request that the special pleas of once in jeopardy and formal acquittal be declared to the jury was not erroneous, where the defendant introduced no evidence in support of the pleas.

[3] ID.—COMMISSION OF BURGLARY—INSTRUCTION—EVIDENCE.—In such prosecution, the giving of an instruction telling the jury that the evidence tended to show that a burglary had been committed was not erroneous, where it was conclusively shown that there had been a burglary.

[4] ID.—INSTRUCTION—CONSTRUCTION.—In such prosecution, an instruction as follows: "Members of the jury, we ought all of us be happy to-day, and none of us have a grouch, considering the bounteous rain we are having, and I am glad the gentlemen have so concisely placed the case before you that you will be able now to decide it at once. The evidence is not voluminous and my instructions will be short and then you can return to your homes," cannot be construed to be an exhortation to the jury to convict the defendant and to do so quickly.

[5] ID.—SPECIAL VERDICT—EVIDENCE—INSTRUCTIONS.—In such prosecution, there was no error in refusing to instruct the jury that if they were in doubt as to the legal effects of the facts that they might find a special verdict, where the facts were few and simple and the legal effect of the same, if believed, admitted of no doubt.

[6] ID.—CONVICTION OF FELONY—CROSS-EXAMINATION.—In such prosecution, there is no merit in the contention that the defendant should have been permitted to further cross-examine a witness (who testified that he had been convicted of a felony) as to what felony or felonies he had been convicted of, in order to test his credibility, where the nature of the particular felony such witness had been convicted of was fully shown, and the trial court did not limit the examination in this particular.

[7] ID.—PARTICIPATION IN CRIME—EVIDENCE—ABSENCE OF PREJUDICIAL ERROR.—In such prosecution, while defendant's motion to strike out the testimony of a police officer, to the effect that defendant at the time of his arrest was accused by two others in the presence of such officer with having been a participant in the robbery (which accusation was denied by defendant), should have been granted, the error was not prejudicial to defendant's rights where one of the participants in the robbery testified to this same fact at the trial and defendant took the stand in his own behalf and denied that he had participated in the robbery.

[8] ID. — EXAMINATION OF WITNESS — ABSENCE OF ERROR. — In such prosecution the trial court did not commit error in refusing to allow defendant to show by a certain witness why the stolen property was left in his room, where no inquiry was had upon the ' subject either in the direct or cross-examination of such witness, and the question was propounded upon the redirect examination.

---

(1) 9 C. J., p. 1076, n. 18.   (2) 16 C. J., p. 285, n. 62, p. 425, n. 17, p. 1046, n. 47.   (3) 9 C. J., p. 1089, n. 42; 16 C. J., p. 950, n. 3.   (4) 16 C. J., p. 827, n.' 18.   (5) 16 C. J., p. 1027, n. 27 New. (6) 40 Cyc., p. 2622, n. 60.   (7) 17 C. J., p. 321, n. 47.   (8) 40 Cyc., p. 2527, n. 30.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was convicted of the crime of burglary in the second degree and sentenced to the state prison.   He had previously been convicted under the same information of burglary in the first degree, but this judgment of conviction was reversed and a new trial ordered upon the ground that the evidence was insufficient to support the verdict of first degree burglary for the reason that there was none introduced at the trial tending to show that the store entered was either an inhabited dwelling-house or

an inhabited building, or that defendant was armed with a deadly weapon, or that any person was assaulted during the commission of the burglary. (*People* v. *Higbee*, 70 Cal. App. 788 [233 Pac. 79].) [1] Several grounds are here urged for a reversal of the present judgment, among which is a claim of the insufficiency of the evidence to warrant the conviction. There is evidence to show that one Forsythe, the prosecuting witness, owned a haberdasher's store in the city of Burlingame, county of San Mateo. Forsythe had left his store on the evening of January 28, 1924, about 6:30 o'clock, and upon his arrival next morning he discovered that a rear door had been broken open and a lot of merchandise, including clothing, shirts, socks, and other articles had been taken therefrom. In the evening of January 28th defendant, accompanied by others named Clinton, Dawson, Allen, and O'Connor, had driven to the city of Burlingame in an automobile. The machine was noticed by a police officer, parked in the vicinity of the store. It was occupied by two persons. Upon being interrogated concerning their business, the driver informed the officer his name was Clintel and that he resided in San Jose. At this time Dawson approached the machine and was also interrogated. The officer was evidently satisfied with the statements made to him, for after noting the number of the machine and the address given, the parties were not detained. The next morning, upon discovering that a robbery had been committed, the chief of police of Burlingame checked up the statements of the occupants of the machine, but failed to locate the given residence. He then telephoned to the San Francisco police giving the number of the machine. It was located, and O'Connor and Clinton were taken into custody. They confessed to their participation in the crime and informed the police of their place of residence. The police repaired to the address given and there arrested defendant, and some of the stolen articles were found in his room. O'Connor testified at the trial and admitted that he had accompanied Dawson, Allen, and Clinton and defendant Higbee on an automobile trip to Burlingame on the night of January 28, 1924, and had driven the machine to the vicinity where the crime was committed, at which time Dawson, Allen, and Higbee left the same and returned about an hour and a half afterward with a lot of suitcases which were taken back to San Francisco;

that the party then proceeded to the room in a hotel occupied by Higbee, where the stolen property was distributed.

We are of the opinion that this evidence is amply sufficient to support the verdict. [2] Defendants at the trial pleaded once in jeopardy and former acquittal and asked that these special pleas be declared to the jury. The trial court disregarded the request and the jury did not find upon them. This act of the court is assigned as error. There is no merit in the contention. Defendant introduced no evidence in support of the pleas. The burden of establishing them was upon him. It was just as necessary to support the pleas as to interpose them. His failure to do so must be deemed a waiver thereof. (*People* v. *Newell*, 192 Cal. 659, 667 [221 Pac. 622].)

[3] Appellant next complains of the giving of an instruction reading as follows: ''The evidence in this case tends to show that on the night of January 28th, last year, the prosecuting witness was in the possession of a certain store here in Burlingame, and therein he had merchandise belonging to him, and that during the evening or night, the store was entered by some person, and certain articles of merchandise were stolen and carried away.'' It is claimed that this instruction virtually states to the jury that a burglary had been committed; that it occurred at night and that a larceny was also committed. We do not think there is any merit in this contention. There was no claim made that a burglary had not been committed. On the contrary, it was conclusively shown that there had been one. There can be no substantial objection to a charge declaring that evidence has been offered tending to prove a certain fact when it is disclosed by the record that the statement is true beyond any possible question. It necessarily follows that the instruction attacked did not constitute error. (*People* v. *Flannelly*, 128 Cal. 83, 88 [60 Pac. 670].) [4] The trial court addressed the jury as follows: ''Members of the jury, we ought all of us be happy to-day, and none of us have a grouch, considering the bounteous rain we are having, and I am glad the gentlemen have so conclusively placed the case before you that you will be able now to decide it at once. The evidence is not voluminous and my instructions will be short, and then you can return to your homes.'' It is claimed that these remarks can be construed to be nothing

more than an exhortation to the jury to convict the defendant and to do so quickly. We do not so construe them. The evidence was in fact limited and did not therefore require extensive consideration. Whatever result it may have produced on the minds of the jurors, whether favorable or unfavorable to the defendant, could in no manner be affected by the remarks complained of, as they in no manner indicated in what light the judge may have viewed the evidence. They could not be taken as an indication or expression of opinion of the court upon the facts or the weight of the evidence one way or the other.

[5] Further complaint is made of the action of the court in refusing to instruct the jury that if they were in doubt as to the legal effects of the facts that they might find a special verdict. There was not error in the refusal to give this instruction as the facts were few and simple and the legal effect of the same, if believed, admitted of no doubt.

[6] O'Connor, one of the participants in the robbery, testified on behalf of the People. He was asked whether or not he had ever been convicted of a felony and he answered that he had. Appellant claims that he should have been permitted to further cross-examine the witness as to what felony or felonies he had been convicted of, in order to test his credibility. The nature of the particular felony he had been convicted of was fully shown, and the trial court did not limit the examination in this particular. There is no merit in this contention. [7] Defendant at the time of his arrest was accused by O'Connor and Clinton in the presence of a police officer with having been a participant in the robbery. He denied the accusation. The officer was permitted to testify to this fact and a motion was made on behalf of the defendant to strike out this testimony. The motion was denied. While it should have been granted, as it was not competent evidence of his guilt, the error was not prejudicial to defendant's rights for the reason that O'Connor testified to this same fact at the trial and defendant took the stand in his own behalf and denied that he had participated in the robbery. Under these circumstances the error was cured. Appellant next claims that the court erroneously refused to strike out certain hearsay evidence of a police officer to the effect that the owner of the store had previously identified certain of the stolen property at a previous trial. The record

shows that the trial court interrupted the examination at this point and no answer was given to the question, and no further inquiry was had upon the uncompleted objection.

[8] The further claim is made that the court erred in refusing to allow defendant to show by Dawson why the stolen property was left in his room. No inquiry was had upon the subject either in the direct or cross-examination of this witness. The question was propounded upon the redirect examination and the court did not abuse its discretion in sustaining an objection to the same. No other questions are presented.

The judgment and order denying a new trial are affirmed.

Knight, J., and Cashin, J., concurred.