[Crim. No. 11673.   Second Dist., Div. One.   Apr. 3, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID BRUCE PECKHAM, Defendant and Appellant.

Reavis, Gergen & Woodyard and Paul J. Gergen for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David W. Halpin, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—In a jury trial defendant was found guilty of violating section 220 of the Penal Code (assault with intent to commit rape). He appeals from the judgment. In a previous trial of the charge defendant was found guilty, and the judgment was reversed on the constitutional ground stated in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. (*People* v. *Peckham,* 232 Cal.App.2d 163 [42 Cal.Rptr. 673].)

Appellant contends that the evidence is insufficient to support the verdict; that section 220 of the Penal Code is unconstitutionally vague; that the court erred in instructing the jury, in permitting references to the previous trial, and in sentencing defendant; and that the deputy district attorney was guilty of misconduct in his closing argument.

About noon on September 14, 1963, Mrs. Olf, a school teacher, went into a classroom at a public school in Los Angeles to prepare for the new school term which would commence on the following Monday. No one was on the school grounds at that time.

About 12:30 p.m. defendant parked his automobile in a parking lot near the classroom and next to Mrs. Olf's automobile. He went to the classroom door and told Mrs. Olf that he had come to deliver a table. Mrs. Olf asked whether he would help her remove a key which was stuck in a cupboard door. Defendant removed the key, returned to his automobile, and drove away.

Defendant parked his automobile "down the street," walked back to the school grounds, "traversed" a chain link fence, and entered the classroom. Mrs. Olf said: "What are you doing here?". Defendant replied: "The truth is I want you." According to Mrs. Olf's testimony, defendant then hugged her forcefully, backed her up against the cupboard doors, and forcefully engaged in various physical acts against her will. Her testimony with reference to those acts was in substance the same as her testimony at the first trial (see *People* v. *Peckham, supra,* pages 165-167). Her testimony at the second trial was to the effect that defendant used force to induce her to submit to attempted sexual acts, that she repeatedly asked him to "stop," that she looked for something with which to hit him, that she was afraid to scream

because no one was on the school grounds, and that she cooperated with him as to some of his requests because she thought she would thereby be able to escape with less resulting harm to herself. She finally escaped from him, and ran out of the building. She also testified that defendant appeared to be sober, and that defendant had said, among other things, that he "came here to rape you [her] in broad daylight in this room."

Defendant testified in substance that he had been too drunk to know what he was doing; he entered the classroom and removed the key from the cupboard door; he recalled parking his automobile down the street and "traversing" the fence; he "vaguely" recalled holding Mrs. Olf and being on top of her on the table; he also had a "vague" recollection that she requested him to leave. He also testified that when he was that drunk he was incapable of having sexual relations.

Defendant's wife and two other persons testified that defendant was drunk on September 14, 1963, about 1 p.m. His wife also testified that when defendant was that drunk he was incapable of having sexual relations.

■ Defendant's contention that the evidence is insufficient to support the verdict is without merit. ■ As said in *People* v. *Peckham, supra,* pages 167, 168: "The crime of assault with intent to commit rape is established when the prosecution proves that the defendant intended to have sexual intercourse with his victim and to use force to overcome her resistance. . . . ■ When the victim determines that her opposition has been carried to the point where further opposition would imperil her life or safety the trial court must then determine only whether her fears were reasonably grounded. [Citation.] ■ Likewise, the 'force' requisite to sustain the conviction does not mean bodily harm but the physical power required in the circumstances to overcome her resistance. . . . ■ The fact that appellant may have been intoxicated at the time of the assault and that when intoxicated he was impotent, are not in and of themselves defenses to the crime of assault with intent to commit rape [citation] although each of these factors may be considered in determining whether the defendant had the requisite intent."

■ In the present case, the evidence as to defendant's acts and as to his statements that he wanted Mrs. Olf and he had come there to rape her, was sufficient to support a finding that defendant had the requisite intent. Defendant's evidence

regarding intoxication and impotency presented questions of fact, which questions the jury resolved against him.

Appellant further contends that section 220 of the Penal Code (enacted in 1872) is unconstitutionally vague. Said section provides: ''Every person who assaults another with intent to commit rape . . . is punishable by imprisonment in the State prison. . . .'' Appellant asserts that the courts of this state have interpreted the word ''assault[s]'' in said section to mean that defendant need only have the ''ability to commit a simple assault'' (as defined in section 240 of the Penal Code), but that the word ''assault'' could also be interpreted to mean that defendant have the ''ability to commit the crime attempted.'' This contention is without merit. Section 240 defines ''assault'' as ''an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.'' Thus, even if it were assumed, as appellant contends, that he was impotent and incapable of committing rape, such impotence would not necessarily preclude his committing an assault (see 2 U.C.L.A. L.Rev. 345). If the defendant had been impotent (by reason of intoxication) when the assault was committed that fact would not of itself be a defense to the crime of assault with intent to commit rape. (*People* v. *Peckham, supra,* p. 168; see 2 U.C.L.A. L.Rev. 345.)

Appellant also contends that the court erred in giving, and refusing to give instructions defining ''assault'' and ''assault with intent to commit rape.'' Said contention is in substance a reiteration of his argument with reference to the constitutionality of section 220 of the Penal Code—i.e., that the instructions given (taken from CALJIC) in effect define ''assault'' as requiring the present ability to do violent injury, and the court should have given the requested instructions to the effect that the crime charged requires the present ability to commit rape (and that defendant, if sexually impotent, was not guilty of the crime charged). The instructions given were a correct statement of the law. (See *People* v. *Green,* 180 Cal.App.2d 537, 542 [4 Cal.Rptr. 304] ; *People* v. *Peckham, supra.*) Appellant's further contention that the court erred in refusing to instruct the jury to return a special verdict is also without merit. (See *People* v. *Higbee,* 78 Cal. App. 455, 459 [248 P. 927].)

Appellant further contends that the court erred in permitting references to the previous trial. He first asserts that on cross-examination of defendant by the deputy district

attorney, the court, over defendant's objections, permitted the deputy district attorney to ask defendant questions with reference to testimony given by defendant at the previous trial relating to defendant's having been sexually attracted to Mrs. Olf. In overruling defendant's objections, the court said that the questions were proper for the purpose of impeachment. Instructions with reference to impeachment were given to the jury. There is no merit to appellant's assertion with reference to such cross-examination. (See *People* v. *Amadio*, 25 Cal.App. 729, 731 [145 P. 151].)

Appellant asserts that the court erroneously referred to the "former verdict or finding." Reference to such verdict or finding is prohibited by section 1180 of the Penal Code. Prior to the time the jury was sworn to try the cause, the following statements were made: "The Court: Mr. Peckham stands here charged with two counts, one count being a violation of Section 459. . . . Mr. Gergen [defense counsel] : I think that is an error. Mr. Denmark [deputy district attorney] : The first count is dismissed on which he was found not guilty at the first trial, the burglary is in error. The Court: Burglary, the second count. Well there is the 220 left. Mr. Denmark: Well, it is an error. The Court: The court is in error. Defendant is charged with 220, being assault with intent to commit rape."

The clerk then read the information. By reason of the foregoing statements, and the cross-examination of defendant with reference to the testimony at the previous trial, appellant asserts that the jury "knew" that "there had been a conviction on the assault with intent to commit rape." There is no reference in the quoted statements, or in the cross-examination to the former verdict wherein the defendant was found guilty of assault with intent to commit rape. The court's reference to count 1 (on which defendant had been found not guilty) did not constitute reversible error.

Appellant contends to the effect that the deputy district attorney was guilty of misconduct in his closing argument. Said contention is to the effect that the deputy district attorney misstated some of the evidence and made a misstatement as to instructions the judge would give the jury with reference to assault. The alleged misstatements of evidence were fair comments on the evidence relating to defendant's conduct while he was in the classroom, and the jury was adequately instructed on the subject of assault. This contention is not sustainable.

■ Appellant contends further that the court erred in sentencing defendant. He asserts that at the previous trial he was granted probation, whereas in the present trial he was denied probation, and that he has thereby been subjected to double jeopardy in sentencing. The record of the previous trial is not before this court. According to appellant, defendant was sentenced at the previous trial to state prison for the term prescribed by law, but imposition of the sentence was suspended and he was granted probation on certain conditions. He appealed from the judgment and the judgment was reversed. (*People* v. *Peckham, supra,* p. 169.) When defendant was sentenced at the present or second trial, a substantial period of time (approximately $1\frac{1}{2}$ years) had elapsed after the former judgment (and sentence). Occurrences during that period of time, which affect the matter of probation, were also to be considered by the trial judge in determining the application for probation at the second trial. ''There is no finality to an order for probation; it imposes no penalties but is 'an act of clemency.' '' (*People* v. *Smith,* 195 Cal.App.2d 735, 738 [16 Cal.Rptr. 12]; *In re Hays,* 120 Cal.App.2d 308, 310 [260 P.2d 1030].) The court did not err in denying probation to defendant.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied April 25, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1967.