Filed 3/7/17 (received for posting 3/10/17) (unmodified opn. attached)

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>STANLEY COOK,<br><br>    Defendant and Appellant, | F070733<br><br>(Super. Ct. No. BF109521A)<br><br>**Order Modifying Opinion and Denying Rehearing**<br><br>[No Change in Judgment] |

**THE COURT:**

The People filed a petition for rehearing on February 24, 2017. The petition is denied. The published opinion filed herein on February 8, 2017, is modified in the following particulars. (The page numbers referenced in this order are based on the pagination in the hard copy of the original opinion filed in the clerk's office.)

Page 5: After the last sentence of the third paragraph (the sentence beginning, "But he would never. . ."), add a footnote as follows:

> [2] In a petition for rehearing, the People contend that this hypothetical reveals our failure to take account of the term "violence" in Welfare and Institutions Code section 6600, subdivision (b). The petition argues that the perpetrator throwing the dart has committed an act of violence even though he missed. This hardly shows that our holding is in error. The point is that an assault need be no more than an attempt. The perpetrator in the hypothetical could have tripped and fallen with the dart still in his hand as he tried to throw it. There would be neither force nor violence, but only an attempt to apply them. Perhaps the People mean to say that any attempt to use force is violent, but they supply no authority in support of such a definition.

Except for the modification set forth above, the opinion previously filed remains unchanged. The modification does not alter the judgment.

_____

SMITH, J.

WE CONCUR:

_____

HILL, P.J.

_____

GOMES, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STANLEY COOK,<br><br>    Defendant and Appellant. | F070733<br><br>(Super. Ct. No. BF109521A)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs, Amanda D. Cary, Louis M. Vasquez, and Jennifer Vanzant, Deputy Attorneys General, for Plaintiff and Respondent.

Under Proposition 36, the Three Strikes Reform Act, a prisoner serving a third-strike sentence is eligible for resentencing if his third strike was not serious or violent as defined, and if his prior strikes are not included in an enumerated list of particularly grave offenses. That list includes assault with intent to commit rape, but only if this crime was committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or a threat to retaliate in the future against any person. The question presented here is whether assault with intent to commit rape is *necessarily* committed with force or one of these other features, so that a defendant whose prior strikes include that offense is always necessarily ineligible for resentencing based on that prior conviction alone.

We conclude it is not. As we will explain, it is possible for an assault to be completed before any force has been applied and also without the use of threats or fear. The trial court, however, found defendant Stanley Cook ineligible for resentencing based on the bare elements of his prior assault with intent to commit rape. We will reverse and remand with directions to the trial court to consider whether Cook's prior assault with intent to commit rape is shown, by case-specific matter in the record of that prior conviction, to have been committed by force, fear, or threats. If it is not, the trial court should also consider on remand whether resentencing Cook would pose an unreasonable risk of danger to public safety.

### FACTS AND PROCEDURAL HISTORY

On October 22, 2014, Cook filed a petition under Penal Code[1] section 1170.126, which is the provision of the Three Strikes Reform Act (Act) allowing those serving third-strike sentences to request resentencing. Cook was at that time serving a sentence of 25 years to life for a commercial burglary (§ 460, subd. (b)) of which he had been convicted in 2005.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Cook's petition alleged that commercial burglary was not a serious or violent felony and therefore could not be the basis of a third-strike sentence under the law as amended by the Act. If granted, the petition would result in a maximum sentence of six years, less than the time Cook had already served. The petition further alleged that Cook's prior strikes were as follows: (1) Kern County Superior Court, case No. SC033365, October 8, 1987, assault with intent to commit rape (§§ 220, 261) and first-degree burglary (§ 459); and (2) Los Angeles County Superior Court, case No. A567019, two counts of first-degree burglary (§ 459).

The People filed an opposition brief. They argued that Cook was ineligible for resentencing because of his conviction of assault with intent to commit rape. They cited section 1170.126, subdivision (c)(3), which provides that a defendant is ineligible for resentencing if he has prior convictions of any offense listed in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). Included in these lists is "[a] 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667, subd. (e)(2)(C)(iv)(I).) That statute, in turn, provides:

> "'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, … and result in a conviction or a finding of not guilty by reason of insanity …: a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code." (Welf. & Inst. Code, § 6600, subd. (b).)

Cook's conviction was of a violation of section 220, assault with intent to commit a violation of section 261. The People's brief argued that the fact of this conviction alone made Cook ineligible for resentencing, without proof that he committed the offense by force or fear. This was "because the elements for assault with intent to commit rape already involve willfully applying force to a person." The People's brief did not discuss any specific facts about the assault committed by Cook.

3

The hearing on the petition, held on December 19, 2014, was very brief. Counsel for Cook said, "[U]nless the People can prove, by a preponderance of the evidence, that [the assault] was accomplished through force, fear, et cetera, my client is not ineligible." Counsel for the People said, "[T]he elements of an assault with the intent to commit rape include force or fear. Submitted." The court's remarks consisted, in their entirety, of this ruling: "I will find he is not eligible based on that prior he has." There was no discussion of the circumstances of the prior. The court denied the petition.

## *DISCUSSION*

On appeal, the parties present the same legal issue they presented to the trial court: Is an assault with intent to commit rape necessarily, in every case, a crime committed by force or fear? As a threshold issue, however, the People contend that even if the answer is no and force or fear must be found based on the particular circumstances of the offense, we should presume the court made such findings. The People say we should presume this because the petition stated that it requested relief "based on the court's records in this case." The argument is that we should assume this means the records of Cook's prior convictions were submitted to the trial court, and that it examined them and based its ruling on information contained in them. We see no reason to assume this. There is no indication that the court was asked to consider or did consider anything about the circumstances of Cook's prior strikes. Instead, we find the only reasonable interpretation of the record is that the parties presented, and the court considered, only the question of whether the offense of assault with intent to commit rape is always, as a matter of law, necessarily committed by force or fear for purposes of a petition to recall a sentence under section 1170.126.

We turn to that question now. As this is a question of law, we review the trial court's ruling de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799; *Topanga and Victory Partners, LLP v. Toghia* (2002) 103 Cal.App.4th 775, 779-780; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1687.)

4

The trial court's conclusion was in error. A majority of cases of assault with intent to commit rape undoubtedly involve an application of force to the victim, but this is not an element of the offense. An assault is an unlawful *attempt*, coupled with a present *ability*, to inflict a violent injury on a person (§ 240), and unlike a battery (§ 242), it does not require contact with the victim. "An assault is an incipient or inchoate battery; a battery is a consummated assault." (*People v. Colantuono* (1994) 7 Cal.4th 206, 216.) The only additional element of assault with intent to commit rape is the perpetrator's subjective intent, during the commission of the assault, to commit a rape. (*People v. Maury* (2003) 30 Cal.4th 342, 399-400; *People v. Clifton* (1967) 248 Cal.App.2d 126, 129.) It follows that no actual force need be applied for this offense to be completed.

The same is true of menace, threats, fear and the other circumstances listed in Welfare and Institutions Code section 6600, subdivision (b). None of these are elements of an assault, including an assault with intent to commit rape.

An example will serve to illustrate the point. Suppose a perpetrator lies in wait in a place of concealment for a victim he expects to pass by. As the victim passes, the perpetrator throws a tranquilizer dart at him or her. For whatever reason, his throw misses, the victim hears nothing, sees nothing, and he or she passes unconcerned and oblivious to what has just happened. The perpetrator would be guilty of assault, and if he intended to rape the victim, he would be guilty of assault with intent to commit rape. But he would never have applied any force (or fear) to the victim.

It is unlikely, as we have indicated, that anything like this happened in the present case, but the trial court simply did not consider the circumstances of the offense. It based its ruling on the mistaken argument that assault with attempt to commit rape necessarily involves force or fear in every case.

The People suggest examples in which a perpetrator committed an assault with intent to commit rape and the victim was frightened but not touched, was lightly touched but escaped, or was touched while believing the perpetrator was someone else. The

5

People contend that these examples show an assault with intent to commit rape must involve either fear or at least an offensive touching, even when the victim is not physically injured, and therefore must involve force or fear within the meaning of the law. But the People's examples do not change the fact that neither fear nor touching is an element of the crime.

The People's brief includes two case citations that appear to imply that force is an element of assault with intent to commit rape. The People cite page 247 of *People v. Soto* (2011) 51 Cal.4th 229 (*Soto*) and represent the holding on that page with this parenthetical description: "'assault implies force by the assailant and resistance by the one assaulted.'" The cited passage in *Soto* is as follows:

> "California law has long recognized that consent is not a defense when the victim of a sex crime is a child under age 14. Many early decisions under the rape statute (§ 261) held that a minor could not legally consent to intercourse. [Citations.] This incapacity was conclusively presumed notwithstanding any 'actual consent' the child may have conveyed. [Citation.] Moreover, the presumption applied even when the alleged crime was not rape but an assault with intent to commit rape. In a similar argument to the one advanced here, [the defendant in the cited case] argued consent was a defense to such an assault because the crime necessarily implied resistance by the person assaulted. [Citation.] We disagreed, explaining, 'It is true that an assault implies force by the assailant and resistance by the one assaulted; and that one is not, in legal contemplation, injured by a consensual act. But these principles have no application to a case where under the law there *can be* no consent. Here the law implies incapacity to give consent, and this implication is *conclusive*. In such case the female is to be regarded as resisting, no matter what the actual state of her mind may be at the time. The law resists for her.'" (*Soto, supra*, 51 Cal.4th at pp. 247-248.)

We think this context makes it clear that our Supreme Court did not intend in *Soto* (or the case quoted therein) to contradict all other case law defining the crime of assault by adding a completed application of force as an element. In other words, the court did not intend to alter the law by equating assault with battery. Rather, the point of the passage is that the reason why consent is no defense to a sex crime against an underage

6

victim is that such a victim is deemed incapable of giving consent as a matter of law, not that consent is sometimes consistent with the existence of such a crime.

The second case is *People v. Peckham* (1967) 249 Cal.App.2d 941 (*Peckham*), which the People quote as follows: "[T]he 'force' requisite to sustain the conviction [under section 220/261] does not mean bodily harm but the physical power required in the circumstances to overcome [the victim's] resistance." (*Id.* at p. 944.)

Regardless of how this quotation might appear out of context, the Court of Appeal in *Peckham*, like the Supreme Court in *Soto*, was not changing the law to deem an actual application of force as an element of assault. Instead, the court was explaining that the force the perpetrator must be *attempting* to apply, with a present *ability* to do so, is not necessarily force that would cause bodily injury. The quoted passage merely elaborates on the meaning of the term "force" as used in a traditional formulation of the crime, which the court repeated as follows: "'The crime of assault with intent to commit rape is established when the prosecution proves that the defendant *intended* to have sexual intercourse with his victim and to use force to overcome her resistance.'" (*Peckham, supra*, 249 Cal.App.2d at p. 944, italics added.)

Our holding does not mean Cook necessarily is eligible for resentencing—only that the trial court did not use the correct analysis or consult the necessary sources of information in finding he was not. The bare elements of the offense of assault with intent to commit rape cannot establish that Cook used force or fear to commit the offense within the meaning of Welfare and Institutions Code section 6600, subdivision (b), but the circumstances of the offense could possibly establish this. This court has held that a trial court considering a section 1170.126 petition can consult the entire record of conviction (but not evidence outside that record) of the *current* offense (i.e., the offense upon which the third-strike conviction was imposed), and can rely on "relevant, reliable, admissible portions" of that record in making the eligibility determination. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063.) At least two other Court of Appeal panels have

7

reached similar conclusions. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338-1339; *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-660.) We see no reason why a trial court could not similarly consult the record of conviction of each *prior* strike, assuming the court can obtain access to those records. This path will be open to the trial court in determining on remand whether Cook used force or fear when he committed the assault with intent to commit rape. We express no opinion on questions regarding the evidentiary burdens that will apply on remand, as the parties have not briefed that issue.

If the court finds Cook is eligible for resentencing, the question will still remain of whether resentencing him "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) The trial court will need to exercise its discretion to make that determination unless Cook is ineligible.

### *DISPOSITION*

The order denying the petition is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

_____

SMITH, J.

WE CONCUR:

_____

HILL, P.J.

_____

GOMES, J.

8