Filed 2/7/24  P. v. Meza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C096776 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20203140) |
| v. | |
| JOSE TRINIDAD PEREZ MEZA, | |
| Defendant and Appellant. | |

The prosecution charged defendant Jose Trinidad Perez Meza with two counts of assault with intent to commit a sex offense, among other charges.  The trial court used CALCRIM No. 890 to instruct the jury on these counts, saying the jury was required to find defendant acted with intent to commit "rape, sodomy, oral copulation, or penetration by a foreign object."  Based on this instruction, the prosecutor told the jurors in closing argument that they did not need to agree which of the specific offenses best captured defendant's intent, so long as they all agreed "he intended to commit one of those"

offenses. The jury found defendant guilty on both counts of assault with intent to commit a sex offense.

On appeal, defendant argues the trial court erred because it was required to identify the specific sex offense at issue, rather than provide a list of multiple offenses, and the prosecutor was incorrect when he told the jurors they did not need to have unanimity as to the specific sex offense intended by defendant. Defendant further argues trial counsel was ineffective because he failed to object to the jury instruction at issue. We find no merit in defendant's contentions and will affirm the judgment.

BACKGROUND

Defendant assaulted the two victims, L.C. and X.Z., in separate incidents. The prosecution charged defendant with two counts of assault with intent to commit a sex offense (Pen. Code[1], § 220, subd. (a); counts 1 & 4), one count each of forcible sexual penetration (§ 289, subd. (a)(1)(A); count 2), sexual battery (§ 243.4, subd. (a); count 3), attempted rape by force (§§ 664, subd. (a), 261, subd. (a)(2); count 5), assault likely to cause great bodily injury (§ 245, subd. (a)(4); count 6), second degree robbery (§§ 211, 212.5, subd. (c); count 7), and misdemeanor dissuading a witness (§ 136.1, subd. (b)(1); count 8).

As relevant here, L.C. testified at trial that defendant attacked her while she was walking to her car at her apartment complex. L.C. was on crutches, fell over when defendant pushed her, and hit her head on the pavement. As she was lying on the ground, defendant reached under her dress with a "claw like motion" and groped her buttocks and vagina. It felt as if he was trying to push his fingers or part of his hand into her vagina. L.C. cried out for help; some neighbors called the police and chased defendant away.

X.Z. testified she was finishing work one night and decided to walk along a nearby bike path when defendant came up behind her and placed her in a chokehold. Defendant

---

[1] Undesignated statutory references are to the Penal Code.

held her on the ground, told her not to scream, and took her phone. He also claimed he had a gun. He told her, "I just want to fuck," and X.Z. closed her legs tightly together. Defendant tried to force her legs apart while touching X.Z. X.Z. tried to convince him to stop and defendant pulled her up to her feet. Defendant apologized, asking her not to call the police. Defendant insisted on walking X.Z. home and grabbed her hand.

X.Z. walked defendant back to her apartment. Once in the apartment, X.Z. offered defendant tea, hoping to buy time until her roommate woke up. Once the roommate woke up, she called to him in Chinese, telling him to call the police, but the roommate did not understand. Defendant asked X.Z. whether she would have sex with him and if she wanted to have sex in her room. X.Z.'s roommate came downstairs, and defendant ran away.

The prosecution also introduced evidence of defendant's prior conduct, including two separate incidents where defendant was riding a bicycle, came up behind women, and sexually assaulted them.

The prosecution asked the trial court to instruct the jury using CALCRIM No. 890 (Assault with Intent to Commit Specified Crimes), along with the instructions for several enumerated crimes included in section 220, subdivision (a). The prosecutor explained, "I think the reason I did this is I believe the CALCRIM -- the 890, the assault with the intent to commit a specified crime, I believe that jury instruction calls for a definition of the theor[ie]s of what specific offense he was intending to commit. So because of that, I -- I included the 1,000 before the attempted rape."

He clarified his theory of the offense, saying, "I just included all of the offenses within the 220 series just because they don't need to all agree on which of the offenses he intended to commit, as long as they all agree that he intended to commit one of those. So I simply include that one as well as the sodomy one. I was just leaving it up for the jury so they could make their own independent decision as to what they thought [defendant's]

3

intent were -- was." The trial court asked defense counsel if he had any objection; counsel responded, "No. That's fine."

The trial court ultimately instructed the jury using CALCRIM No. 890, saying, in relevant part, "The defendant is charged in Counts 1 and 4 with assault to commit rape, sodomy, oral copulate, or penetration by a foreign object in violation of Penal Code section 220(a). . . [¶] To prove that the Defendant is guilty of this crime, the People must prove that. . . when Defendant acted, he intended to commit rape, sodomy, oral copulation, or penetration by a foreign object." The instruction then referred jurors to CALCRIM Nos. 1000, 1015, 1030, and 1045 for the definitions of rape, sodomy, oral copulation, and penetration by a foreign object.

During closing argument, the prosecutor discussed defendant's intent in the context of the jury instruction, saying, "Now, there are a number of other offenses here. And the reason those are included is because you folks may think, Hey. Well, despite that, maybe he just wanted to digitally penetrate her like he did with L.C. Maybe he wanted to orally copulate her. Maybe he wanted to sodomize her. You don't all need to agree on which of these five he intended to commit, as long as you all agree he intended to commit one of those. You could literally split into teams." Defense counsel argued there was no evidence defendant intended to rape either victim.

The jury found defendant guilty of both counts of assault with intent to commit a sex offense, along with the sexual battery, attempted rape by force, assault likely to cause great bodily injury, robbery, and dissuading a witness counts. The jury found defendant not guilty of forcible sexual penetration, but guilty of the lesser included offense of attempted forcible sexual penetration.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the trial court erred when it instructed the jury using CALCRIM No. 890 and provided the jury a list of offenses that could be used to fulfill the intent

4

requirement of the assault with intent to commit a sex offense counts, rather than specifying the offense defendant intended to commit. Defendant claims this failure to identify a specific offense runs afoul of the bench notes in the instruction and case law construing the instruction.

The People respond defendant forfeited the issue because trial counsel did not object to the use of the instruction or the prosecutor's argument. Because defendant also asserts he received ineffective assistance of counsel, we will proceed to the merits of defendant's claim, but conclude there was no error.**2**

"A trial court has a sua sponte duty to instruct on the general principles of law relevant to the issues raised by the evidence." (*People v. Marks* (1988) 45 Cal.3d 1335, 1345.) Under section 220, subdivision (a)(1), "any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for two, four, or six years." Section 289 forbids forcible sexual penetration by a foreign object. Thus, an essential element of the offense is the intent to commit one of the offenses specified in the statute. (*People v. Meichtry* (1951) 37 Cal.2d 385, 388-389; *People v. Dillon* (2009) 174 Cal.App.4th 1367, 1379.)

According to the bench notes for CALCRIM No. 890, the trial court must "specify the sex offense *or offenses* that the defendant is charged with intending to commit" where required in the instruction. (Italics added.) The notes further require the trial court to "[g]ive the appropriate instructions on the offense or offenses alleged." Although jury instruction bench notes are not binding authority (*People v. McDonald* (2015) 238 Cal.App.4th 16, 26), we see no reason why the jury instruction would need to specify only one specific offense, particularly when the statute enumerates multiple offenses.

---

**2** Although defendant's briefing divides the ineffective assistance of counsel argument from his substantive argument as to the jury instruction, we will address both arguments in the same section because they are intertwined.

Nor do we find persuasive defendant's reliance on *People v. May* (1989) 213 Cal.App.3d 118, 129, which stands only for the proposition that a trial court must also instruct on the elements of the underlying intended sex offense, and does not require that there be only one such offense. Here, the trial court did instruct on the specified sex offenses and thus complied with *May*.

Defendant further claims the prosecutor misstated the law when he told jurors they could "independently select the offense [they] believed the defendant intended to commit," and that the statement "violated the constitutional unanimity requirement." We disagree any unanimity principles were violated.

"In a criminal case, 'the jury must agree unanimously the defendant is guilty of a *specific* crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.' [Citation.] Yet 'where the evidence shows only a single discrete crime but leaves room for disagreement as to exactly how that crime was committed or what the defendant's precise role was, the jury need not unanimously agree on the basis or, as the cases often put it, the "theory" whereby the defendant is guilty.' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 877-878.)

"The crime of burglary provides a good illustration of the difference between discrete crimes, which require a unanimity instruction, and theories of the case, which do not. Burglary requires an entry with a specified intent. (Pen. Code, § 459.) If the evidence showed two different entries with burglarious intent, for example, one of a house on Elm Street on Tuesday and another of a house on Maple Street on Wednesday, the jury would have to unanimously find the defendant guilty of at least one of those acts. If, however, the evidence showed a single entry, but possible uncertainty as to the exact burglarious intent, that uncertainty would involve only the theory of the case and not require the unanimity instruction. [Citation.] Other typical examples include the rule

6

that, to convict a defendant of first degree murder, the jury must unanimously agree on guilt of a specific murder but need not agree on a theory of premeditation or felony murder [citation], and the rule that the jury need not agree on whether the defendant was guilty as the direct perpetrator or as an aider and abettor as long as it agreed on a specific crime [citation]." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132-1133.)

Here, CALCRIM No. 890 was used to instruct on two discrete crimes -- the assault on L.C. and the assault on X.Z. -- and the list of specific sex offenses within the instruction was used to describe the specific intent requirement of those crimes. (*People v. Cook* (2017) 8 Cal.App.5th 309, 313.) To the extent there was any uncertainty about which sex offense defendant intended to commit, that uncertainty was thus connected to the theory of each assault. Consistent with the prosecutor's statement, the jurors were not required to unanimously agree which sex offense defendant intended to commit when he assaulted the two victims. We thus reject defendant's claims that the jury instruction, or the prosecutor's argument discussing that instruction, were erroneous.

Because the jury instruction was correct, there is no basis for defendant's argument that trial counsel was ineffective because he failed to object to the instruction or the prosecutor's argument. Defendant must show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) Defendant's objection has no merit, and trial counsel is not required to make unmeritorious objections. (*People v. Anderson* (2001) 25 Cal.4th 543, 587.) We see no ineffective assistance of counsel.

## DISPOSITION

The judgment is affirmed.

/s/  
WISEMAN, J.*

We concur:

/s/  
DUARTE, Acting P. J.

/s/  
BOULWARE EURIE, J.

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8